OF

# THE DECISIONS

OF THE

## SUPREME COURT OF ALABAMA.

## JANUARY TERM, 1835.

---

THOMAS TERRY vs. MIGUEL G. ESLAVA.

*Error from Mobile Circuit Court*—Before the Hon. SION L. PERRY.

---

Upon a contract not to use certain cotton presses for compressing cotton, where the consideration money was paid, and the contract afterwards violated, the damages are to be estimated by the amount of injury sustained: *the consideration money is not the criterion.*

In this case, Eslava brought an action of trespass on the case, against Terry, for using certain presses in compressing cotton, in the city of Mobile, in violation of a contract made

between the parties. The plaintiff below, had paid the defendant twelve hundred dollars, for refraining from the use of these presses. A question arose as to the criterion of damages. The court instructed the jury that, if they believed the contract had been violated, the consideration money constituted the measure of damages. To this opinion of the court, the defendant excepted, and has brought the case into this court by writ of error.

GOLDTHWAITE, for Plaintiff:

The action in this case, was brought for the alleged violation of a contract, and the only question is now as to what is the proper measure of damages.

The court charged the jury, that the measure of damages was the considerasion money of the contract. We contend, that the damages actually sustained, are the measure. The price stipulated to be paid, was twelve hundred dollars. Can it be contended, that the whole of this sum could be a just measure of damages for compressing one bale of cotton? A case in 9 *Com. Law R.* 204, presents the very principle here insisted on.—4 *Com. Law R.* 204—6 *Wheat.* 109, 118.

The consideration cannot be taken as the damages, otherwise the party might elect to his benefit.—1 *Gallison*, 478, 483. If only one bale had been compressed, the contract would have been violated; but suppose the party had, in defiance of his contract, compressed all the cotton shipped from the port, would he have been permitted to say "I will pay only the consideration price?" Parties cannot fix the rule as to damages, at pleasure. It would vary. It must be ascertained by law.

ELLIOTT, *contra.*

All the authorities cited on the other side, relate to cases of executory contracts—and the case in 6 *Wheat.* sustains us in the principle contended for. In what other manner, than by a reference to a consideration of the contract, could the

party compensate for its violation? What was the inducement of the contract? Was it not the consideration money? Else why was it paid? It was paid as the price of the non-user. If violated, then that price was the damage sustained. 7 *Johns.* 72.

The price was not inserted as a penalty, but was as liquidated damages. It was impossible for the jury to know what damages had been sustained—2 *Dallas,* 252—1 *Stewart,* 125.

Terry
vs.
Eslava.

GOLDTHWAITE, in reply.

There was no clause in the agreement, that the damages should be estimated at twelve hundred dollars. This is the distinction which exists in the case cited from *Johnson.* The parties here stood upon the terms of the contract, but the damages might have varied from one to ten thousand dollars. It cannot be said this rule would have acted unjustly; because, before a party violates his contract, he should look to the consequences. The consequences might be sufficient to ruin him, and thus he should be deterred. The case in *Johnson* shows an alternative. We had no alternative. The case from *Stewart,* was for not delivering cotton, and contained a stipulation. Suppose it had contained no stipulation? Would the measure of damages have been the price of the cotton? No. The damages would have to be calculated and found out. Suppose I pay money to day, and perform a contract on to morrow. The measure of damages would be as to what will have been sustained to morrow. If the machine, in this case, had not been profitably used, there would have been no damages: and if no profit at all, could the party have recovered the whole twelve hundred dollars?

By Mr. Justice THORNTON:

This was an action of trespass on the case, brought by writ of error from the Circuit Court of Mobile county; and the error presented for our consideration, is the charge of the court as contained in the bill of exceptions, respecting the

Terry
vs.
Eslava.

criterion of damages. These are alleged to have accrued from the breach of a parol contract, whereby the plaintiff in error, *inter alia*, bound himself, in consideration of a certain sum of money, which seems to have been paid, not to use, or permit to be used, certain presses for compressing cotton, in the city of Mobile. It was assumed by the court below, that the consideration paid was the proper measure of damages, in case the jury should believe that the contract had been violated. Now, *the consideration of a contract* may, or may not, be the amount which a party is entitled to recover, in case of its breach. Where the contract provides by way of stipulated damages, that the consideration shall be the amount recoverable, those damages, thus ascertained, will not be disregarded, although in point of fact, they may be greater or less than the sum thus agreed upon. In the case presented, we do not consider that there has been any stipulation, regulating the amount of damages which the plaintiff in error shall pay, in the event of a breach on his part ; and, however, from the nature of the subject matter of the contract, the ascertainment of them may be difficult ; yet that difficulty cannot be overcome or obviated by a resort to the consideration, as their just criterion. There surely was a benefit proposed to accrue to the defendant in error from the non-user of the cotton presses by the plaintiff. The actual benefit which might accrue, would of course, depend upon a variety of contingent circumstances ; so, the injury which he has sustained, is to be estimated, in the absence of any express stipulation, by a reasonable consideration of all the circumstances appertaining to the matter. And although there may be difficulty in determining on the damages ensuing from the breach, it is intrinsic in the subject about which the parties have chosen thus loosely to contract. The case is not so moulded by the pleadings, as to present the question of a rescission of the contract; in which case, to reduce the parties *statuo quo*, the consideration paid would be sought to be recovered back ; but *damages* alone are demanded, for an alleged breach of an unrescind-

ed contract ; which, as we think, may be either greater or less, according to the circumstances proved, than the consideration paid by the defendant in error. -

For these reasons the judgment is reversed, and the cause remanded.