Cobbs v. Niblo.

## MARY J. COBBS

v.

## JAMES A. NIBLO ET AL.

1. CONTRACT IN RESTRAINT OF TRADE—EQUITY JURISDICTION.—Parties may make a valid agreement in restraint of trade where the operation of the agreement is partial and limited under reasonable conditions, and where it is supported by a valuable consideration. Such a contract may be enforced by an action at law for the recovery of damages for its breach, and it may be upheld .in equity by a decree requiring it to be specifically performed, and an injunction will be granted to restrain its violation.

2. INJUNCTION.—Under an agreement not to carry on a certain business in the county of A, in consideration of a partnership settlement and payment to the retiring partner of a certain sum for his share of the assets, a bill will lie to restrain him from setting up such business within the restricted territory.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.. Opinion filed April 2, 1880.

Messrs. WILSON & HUTCHINSON and Mr. F. D. PRESTON, for appellant; cited Bailey v. Moore, 25 Ill. 347; Linn v. Sigsbee, 67 Ill. 75; 2 Story's Eq. § 722.

Messrs. SHAW & LONGENECKER, for appellees; that the limitation must be reasonable and the consideration capable of being upheld, cited Linn v. Sigsbee, 67 Ill. 75; Wiggins Ferry Co. v. O. & M. R. R. Co. 72 Ill. 360.

A court of equity will not aid its enforcement: Craft v. McCorroughy, 79 Ill. 346; Wyatt v. Mayfield, Ill. Syn. Rep. 19; King v. Manning, 33 Ill. 227; Chittenden v. Rogers, 42 Ill. 95.

WALL, J. The appellant filed her bill in Chancery, making the appellees parties defendant. The bill alleged that complainant and defendant, James A. Niblo, were partners in the marble business from January, 1876, to January, 1879; at the

Cobbs v. Niblo.

latter date the partnership was dissolved, upon certain terms then agreed upon, including among others, that if the complainant would pay defendant, James A. Niblo, seventy-five per cent. for his half of the goods, notes, contracts and accounts, after paying all firm debts, and take all finished work at cost and carriage, said Niblo would give complainant the worthless notes, and would go out of the business and not resume it in said Richland county; that an estimate was made accordingly, and that complainant paid the amount found due under the arrangement. That in making said estimate the complainant was compelled to rely upon the statements of defendant, and did so, and that said Niblo falsely represented the facts as to sundry matters set out in the bill, such as the amount of indebtedness of the firm, the amount and character of the firm assets, the amount received by Niblo from sundry persons, giving details and particulars not necessary to set out; that said Niblo was about to resume the marble business in the city of Olney, contrary to his agreement, but in the name of his wife, the co-defendant; that the house and lot where the business was to be conducted was held in the name of the wife, but really belonged to said James A., and that he had used the means derived from his settlement (including a note of some six hundred dollars) with complainant in the acquisition of said property. These are the main points presented in the bill, which sought to enjoin the prosecution of said marble business by said Niblo, and prayed for an account and adjustment of the various matters in which the alleged false representations had been made. The Circuit Court sustained a demurrer to the bill, and this ruling is assigned as error.

The law is well settled that parties may make a valid agreement in restraint of trade where the operation of the agreement is partial and limited under reasonable conditions, and where it is supported by a valid consideration. The contract must be construed by the court, and its reasonable character determined. Such a contract may be enforced by an action at law for the recovery of damages for its breach, and it may be upheld in a court of equity by a decree requiring it to be specifically performed, and an injunction will be granted to restrain

its violation.    Mitchell v. Reynolds, 1 Smith's Lead. Cas. 172; Linn v. Sigsbee, 67 Ill. 75; Craft v. McConoughy, 79 Ill. 346; Story's Eq. Jur. § 722.

We cannot say that the contract stated here is unreasonable in its conditions or limitations, and considering it in comparison with many of the instances cited in the reported cases, we would be inclined to think it may be sustained.    According to the allegation of the bill, it seems to have been entered into for a valuable consideration, and is about to be broken and violated by the defendant, James A. Niblo, by opening and conducting a business of the kind mentioned, within the city of Olney, in said county, in the name of the wife of said Niblo, it being charged that the use of the wife's name is only colorable, and for the purpose of evading the contract.

Upon such a state of facts a court of equity may entertain a bill, and having jurisdiction of the parties, may proceed to do full justice between them as to all matters immediately connected with the main subject under consideration. Whether upon the facts stated in the bill with reference to the settlement, and the misrepresentation and deceit alleged to have been practiced by the defendant, a bill in equity would lie, independent of the other branch of the case, is not necessary now to decide.

We think the bill, as a whole, presented equity upon its face, and that it should have been retained for answer and hearing upon the merits.    The decree is reversed and cause remanded.

Reversed and remanded.