## ROBERT H. STEWART

### v.

## CHALLACOMBE & RAMSEY.

1. CONTRACT IN RESTRAINT OF TRADE.—A contract not to engage in business in a certain place may be enforced by an action at law for the recovery of damages for its breach, and it will also be upheld in equity.

2. MEASURE OF DAMAGES FOR BREACH.—In case of a breach of a contract in restraint of trade, the plaintiff is entitled to recover the actual damages sustained from the breach, and not the consideration paid.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed September 6, 1882.

Mr. JAMES M. TRUITT and Mr. E. Y. RICE, for appellant; that where the verdict is against the weight of evidence, a new trial should be granted, cited McGregor v. McDevitt, 64 Ill. 261; Fox River Mfg. Co. v. Reeves, 68 Ill. 403; Chicago v. Lavalle, 83 Ill. 482; C. R. I. & P. R. R. Co. v. Dingman, 1 Bradwell, 162; Drury v. Dungan, 2 Bradwell, 15; Scott v. Blumb, 2 Gilm. 595; Dunton v. Chamberlain, 1 Bradwell, 361.

Where no measure of damages has been fixed by the parties, the proof should be such as to enable the jury to estimate the actual damages: Allison v. Chandler, 11 Mich. 542; Van Ness v. Fisher, 5 Lans. 236; Bagley v. Smith, 10 N. Y. 89; Gale v. Leckis, 2 Stark. 107; McNeil v. Reid, 9 Bing. 68.

Allowing plaintiffs to deduct from the whole consideration paid the value of the goods and the good-will, and taking the balance as the measure of damages was erroneous: Morse v. Brackett, 98 Mass. 205; Mansfield v. Trigg, 113 Mass. 350; Bassett v. Percival, 5 Allen, 345; Miner v. Bradley, 22 Pick. 457; Conner v. Henderson, 15 Mass. 319; Benjamin on Sales, 414.

Mere opinions of witnesses, without facts, should not be admitted in evidence: Linn v. Sigsbee, 67 Ill. 80; Rammage v. Ryan, 9 Bing. 383; Norman v. Wells, 17 Wend. 136.

The damages must be the result of the injury: 2 Greenlf's Ev. § 254; 1 Chitty's Pl. 371; Morehead v. Hyde, 38 Iowa, 382; Terry v. Eslora, 1 Porter, 273; Warfield v. Booth, 33 Md. 63.

Mr. E. LANE, for appellees; that the consideration paid being entire, for the goods, good-will and covenant not to engage in business, it may be shown how much the two former were actually worth, and the balance would represent the measure of damages, cited Nye v. Raymond, 16 Ill. 154; Jones v. Buffum, 50 Ill. 280; Upton v. Julian, 7 Ohio St. 95; Timmons v. Dun, 4 Ohio St. 630; Bigony v. Tyson, 75 Pa. St. 157; Burkhardt v. Burkhardt, 3 Law Record, 419; Watson v. Wolverton, 41 Ill. 241; Jenkins v. Temple, 39 Ga. 657; Evans v. Elliott, 20 Ind. 283.

HIGBEE, J. In 1877 appellant and one Enoch File were the owners of a stock of hardware in the city of Hillsboro, where they were doing business in partnership as hardware merchants. On the 6th day of December, of that year, appellant and File, in consideration of $4,554.30, sold their entire stock of hardware and the good-will of their business to appellees, and as a part of the same contract they jointly and

severally agreed and promised not to engage in the hardware trade again in said city of Hillsboro.

Appellees paid the money and took possession at the time of their purchase and have since been engaged in carrying on the business of hardware merchants in said city. For nearly three years appellant kept his promise and remained out of business; but in September, 1880, he individually engaged in the hardware business in said city in violation of his agreement not to do so. This suit was to recover damages for a violation of said agreement.

It is now well settled that such a contract may be enforced by an action at law for the recovery of damages for its breach and it may also be upheld in a court of equity.

The only question we deem it necessary to consider in this case is, did the court apply the correct rule as to the measure of damages the plaintiffs below were entitled to recover?

The rule adopted was, to deduct from the contract price of $4,554.30, the actual value of the goods and the good will at the time of sale, and regard the balance as so much paid for the agreement not to enter into business again, one half of which appellees were permitted to recover against appellant for his individual breach of the agreement.

The sum paid was a gross sum for the goods, good will and agreement not to enter into business again in Hillsboro.

An inventory of the goods was made at the time, which amounted to the sum paid, but on the trial, witnesses testified that the goods were only worth, in their opinion, one half of the inventory price and the good will $100, which sums the jury deducted from the contract price and gave a verdict for one half of the balance of the purchase money.

Appellees received the stock of goods and sold them and had the benefits to be derived from appellant's absence from business for three years, and yet he is permitted to recover back the full amount paid for this agreement.

When goods are purchased and paid for and not delivered, the amount paid may be recovered back; so when the purchaser has received the goods and the title has failed, and in all cases where the contract has been rescinded for fraud or breach

of warranty, the purchaser may recover back the price paid. But when the contract has been executed and can not be rescinded the rule is different. In such cases the injured party is entitled to recover such damages as he has sustained. If appellees paid but a nominal price for the agreement not to enter into trade again, it probably formed an inducement to make the purchase without which they would not have bought, and in case of its violation we do not understand the law to limit the recovery to the price paid, but it enables them to recover the actual damages sustained. On the other hand if they paid more for the promise than its actual value or than they would be damaged by its breach, appellant is not to restore the whole price received by him and be deprived of the benefits of his bargain. He is to pay all damages sustained by appellees by reason of his breach of contract, and when appellees have received that, they are made whole. The object of the law is to give compensation to the injured party for the actual loss sustained.

Here is a continuing agreement, running with the business, not to enter into competition, and it would seem unjust after appellant had been deprived of the right to do business for several years, to require him to return the whole consideration received for the agreement without reference to the damages sustained. Such a rule would probably do him injustice and might or might not compensate appellees for the injury sustained.

But it is said appellees ought to be allowed to recover back the consideration paid because of the difficulty of ascertaining the damages by any other rule. This difficulty has long been recognized, and it is for this reason that courts of equity interfere by injunction to restrain parties from entering into trade in violation of such contracts, and for the same reason it has become usual to insert in such agreements a sum certain to be paid in case of violation, as liquidated damages. Such considerations, however, can not authorize a change of the fundamental rules of law. As was said in Terry v. Eslora, 1 Porter, 273, such difficulties "are intrinsic in the subject about which the parties have chosen thus loosely to contract."

In such cases the plaintiff is entitled to the actual damages sustained from the breach and not the return of the consideration paid. Sedgwick on Measure of Damages, vol. 2, p. 134, note *a;* Jenkins v. Temple, 39 Georgia, 655; Pletz v. Eichele, 62 Mo. 171; Treat v. Melodeon Co., 35 Com. 553.

There is no evidence in the record to show that appellant had actually made any sales of goods, or that he had in any manner lessened the profits of appellees.

Upon the proof of the breach of the contract, appellees were allowed to recover one half of what was found to have been paid for the agreement not to again engage in trade, without any proof tending to show that they had been damaged thereby.

In this we think the court erred, and for this error the judgment is reversed and the cause remanded.

Reversed and remanded.