## JOHN F. JUST
### v.
## CHARLES GREVE.

CONTRACT IN RESTRAINT OF TRADE—DAMAGES FOR BREACH.—Where appellee, for a consideration, sold out his interest in a furniture business to appellant, his partner, and by the same contract agreed that he "would not commence again or work for any other person in the same business, in said village." *Held*, that in an action for damages, for a breach of this contract, appellant could not recover for prospective damages, and that successive actions would lie for damages as they subsequently accrued from time to time.

APPEAL from the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed July 27, 1883.

Messrs. BARGE, RATHBUN & BARGE, and Mr. J. W. WATTS, for appellant; that the agreement was a valid contract, cited Linn v. Sigsbee, 67 Ill. 75; Hitchcock v. Coker (6 A. & E. 98), 33 Eng. Com. Law R. 98; Bowser v. Bliss, 7 Blackford, 344; Mellan v. May, 11 Mees. & Wels. R. 652; Pierce v. Fuller, 8 Mass. 222; Perkins v. Lyman, 9 Mass. 521; Palmer v. Stebbins, 3 Pick. 188.

It was not within the Statute of Frauds: Browne on the Statute of Frauds, § 277, 2d ed.; Lyon v. King, 11 Metc. 411; Hill v. Jamieson, 16 Ind. 125; Blanding v. Sargent, 33 N. H. 239.

Appellant is not estopped by the former-judgment, as the

resumption and continuance in the business by appellee, after the first judgment, were new breaches of the agreement: Pierce v. Woodward, 6 Pick. 206; Powers v. Ware, 4 Pick. 105; Warner v. Bacon, 8 Gray, 397; Leach v. Leach, 10 Ind. 271; Phelps v. N. H. & N. Co. 43 Conn. 453; Beach v. Crain, (2 Com.) 2 N. Y. Ct. App. 86; McConnel v. Kibbe, 33 Ill. 175; Heichew v. Hamilton, 4 G. Greene (Ia.), 317; Warfield v. Booth, 33 Md. 63; Cobb v. Smith, 38 Wis. 21.

As to jurisdiction: Randolph Co. v. Ralls, 18 Ill. 29; Allen v. Belcher, 3 Gilm. 594.

Messrs. O'Brien & Wooster and Messrs. Dixon & Bethea, for appellee; that the contract is entire and the former judgment a bar, cited Smith v. G. W. R'y Co. 6 Upper Com. C. P. 156; Manning v. E. C. R'y Co. 17 Mees. & W. 237; Fish v. Folley, 6 Hill, 54; Bendernagle v. Cocks, 19 Wend. 207; 3 Parsons on Contracts, 186, 6th ed.; Royalton v. R. & W. T. Co. 14 Vt. 311; Burritt v. Belfy, 47 Conn. 323; Sedgwick on the Measure of Damages, 267, 6th ed.; Remelee v. Hall, 31 Vt. 582; Shafer v. Lee, 8 Barb. 412; Marlborough v. Sisson, 31 Conn. 332.

Pleasants, J.    In the fall of 1877 appellee, for the consideration of $700, sold out to appellant, then his partner in the retail furniture business in the village of Ashton, his interest in the joint stock and by the same contract agreed that he " would not commence again or work for any other person in the same business in said village." Shortly afterward he did commence it again and has ever since continued to carry it on at that place. On the 13th of August, 1878, appellant recovered judgment against him in a justice's court for $25 damages and costs for the breach of said agreement up to the commencement of the suit—prospective damages being neither claimed nor allowed nor considered. Appellee paid this judgment and continued to carry on the business. On the 5th of September, 1878, appellant commenced another suit against him before a justice of the peace for breach of the agreement since the commencement of the former, and in due

course recovered a judgment for nominal damages and the costs. From that judgment the defendant appealed to the circuit court, where the cause was tried without a jury, upon a stipulation showing the facts above stated and the further fact that ever since the making of the agreement mentioned the plaintiff has carried on the business in said village and been prepared and willing to supply the public in Ashton and vicinity with furniture.

The circuit court found the issue for the defendant, and rendered judgment against the plaintiff for costs, from which he took this appeal. The single question presented is whether the action is barred by the recovery in the former suit, as was held by the circuit court.

It is perhaps not free from doubt. To our surprise no clear precedent has been presented on either side. Courts and text-writers have expended no small amount of labor in formulating rules for determining in what cases continuing contracts and the damages recoverable for their breach are entire and in what divisible, which are for the most part unsatisfactory because inconsistent, obscure or difficult of application—and the decisions are not entirely harmonious. Without attempting to review the numerous authorities cited we proceed to state our own reasons for the conclusion that the judgment of the circuit court was erroneous.

From the nature of the contract it is manifest: first, that its duration was altogether uncertain; second, that it was susceptible of observance and breach alternately during periods of indefinite duration, and greater or less in number according to the whole period of its continuance; third, that the actual damage resulting from the conduct of the defendant during any period of such violation might be indefinitely great or small; and fourth, that the damage following any one of such periods might not be to any extent whatever the natural result of such violation during a former period.

From which it is further manifest that at no time during its continuance would there be any reliable basis for an approximate estimate of prospective damages to result from breaches past or to come; since it must always be impossible

Just v. Greve.

to know even approximately how soon thereafter it would be terminated. And yet a cause of action would accrue immediately upon the first breach, however slight, whenever it occurred.

Appellee contends that in such action, whenever brought, the plaintiff must present and maintain his claim for all his damages, prospective as well as accrued, because thereafter the defendant can continue or repeat his violation with impunity; that such is the logical and legal inference from the proposition that the agreement, being never to engage in the business mentioned, is in its terms and nature entire, and the first hour's engagement an entire breach, making the defendant liable, as if it were to be persisted in throughout the whole life of the agreement; for it is a well settled rule that the damages recoverable for the breach of an entire agreement are not divisible. And this proposition as applied to this case, which for the reasons above stated must almost necessarily work serious injustice to one or other of the parties—and to which, can not be determined until the contract itself is determined—is claimed to be supported by the authority of adjudicated cases.

These cases, however, for the most part, arose upon positive contracts, to continue for a time that was certain or could be rendered approximately certain, and in which prospective damages for an entire breach could be approximately estimated—as, to furnish a certain amount of water power for such a time. Fish v. Folley, 6 Hill, 54; or to furnish all necessary meat, drink, etc., to a man and his wife during their natural lives. Shafer v. Lee, 8 Barb. 412. Here perhaps the courts recognized what they understood to be meant by the " true criterion " laid down in Remelee v. Hall, 31 Vt. 582, viz.: whether the breach is " such as authorizes the plaintiff to consider, as entirely putting an end to the contract," but which we confess is to our minds not certain enough to be materially helpful. What kind of a breach will authorize the plaintiff so to consider, is a question hardly less difficult than the one it is to be used to solve.

But even as to this class of cases a different and we think a more reasonable view is taken by the courts of Massachusetts.

Thus in Overseers of the Poor, etc., v. Ware, 4 Pick. 105, re-
peatedly afterwards approved, which was covenant upon an
indenture of apprenticeship for refusing to further maintain
an apprentice who, having been maintained as such for sev-
eral years, became sick and disabled with several years of his
term unexpired. The claim was for damages up to the ex-
piration of the term, and the court said: "We certainly can
not look forward six years and give damages for a supposed
continuance of the breach when for aught we know the de-
fendant may be ready to perform his covenant in future, and
when, if the boy should die, the defendant would be dis-
charged."

And in a case precisely analogous to this—in which plaintiff
had purchased of defendant a lot with dwelling house and
store thereon under the inducement of defendant's agreement
not to set up within a limited distance the business of a gro-
cer, which he had carried on in said store and which
plaintiff was continuing therein—upon suit brought for
breach of this agreement he obtained a verdict for entire
damages, and the court set it aside because the jury "did
not confine themselves to the period before the action was
commenced." Pierce v. Woodward, 6 Pick. 206. The ques-
tion as to the right to maintain a second suit upon the same
contract was not decided, because, being the first, that question
was not involved; but it does decide that in the first, damages
accruing or probably to accrue after its commencement, could
not be recovered. And in a later case, approving it, the same
court announced the supplement in these terms: "Plain
justice requires that a plaintiff should have a remedy for all
the legal damage he sustains from a tort or breach of contract;
and that if, by reason of some rule of law and without any
fault or mistake of his, he can recover only part of that dam-
age in one action, he should be entitled to recover the rest in
another." Warner v. Bacon, 8 Gray, 406.

It is to be observed, too, that here the contract, being not
only continuing but negative, its breach involves action. By
means of it appellee was retired from the retail furniture
business in Ashton and bound to remain out of it. As be-

tween him and appellant the advantage of vicinity to that market, in competing for its supply, was exclusively the property right of the latter. Any breach of the contract by him was an invasion of that right, and necessarily by an act both positive and, as against appellant, unlawful. In that view it was of the nature of a tort. If the right had been acquired otherwise than by contract with appellee, the proper form of action for its invasion would have been case. The nature of the act is not affected by the form of the action, and a tort continued is at the option of the party injured, to be treated as a tort repeated, subjecting the offender to repeated action for damages. Every day's continuance of it is a new injury working new damages. McConnell v. Kibbe, 33 Ill. 175.

Hence courts of equity enjoin against the breach of continuing negative contracts, as well to avoid a multiplicity of suits as to enforce specific performance. High on Injunctions, §§ 714, 715, 734, 735.

Appellant could not rescind and recover what he had paid, for the reason that having received and converted a part of the consideration he could not put appellee *in statu quo*. It is at least doubtful whether in any suit he could recover for an act committed beyond the period of the Statute of Limitations. McConnell v. Kibbe, *supra*. The damages sought in this action were not the necessary or natural consequence of any breach committed before the time when the former was commenced, but fresh results of new, unlawful and tortious acts. Warner v. Bacon, *supra;* and were it otherwise, there was then no basis for a just estimate of damages not yet accrued.

For these reasons we hold that he was properly limited in the first suit, according to the general rule, to the damages already suffered. and was entitled in this to recover for such as he afterward sustained up to the date of its commencement.

The judgment of the circuit court is therefore reversed and the cause remanded for further proceedings in conformity with these views.

Reversed and remanded.