## JAMES SMITH

### v.

## B. M. LEADY.

*Contracts—Sale of Boarding House Business—Promise not to Compete—Breach.*

1. Parol evidence should not be admitted to show the terms of a given contract, when there is an obtainable writing in existence covering the same point; nor of a parol agreement relating to the subject-matter of the writing.

2. A contract not in general restraint of trade but only in partial and particular restraint thereof, where the consideration is adequate and the restriction is reasonable, is not void as being against public policy.

[Opinion filed June 26, 1893.]

IN ERROR to the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. L. H. HITE and M. MILLARD, for plaintiff in error.

Messrs. E. R. DAVIS and A. FLANNIGAN, for defendant in error.

MR. JUSTICE GREEN. B. M. Leady brought this suit against James Smith and wife, to recover damages for the breach of an alleged contract. After suit was commenced, the wife died, and as to her, the suit was abated. The jury found a verdict for plaintiff and assessed his damage at

$300. Judgment for that sum, and costs, was entered against Smith, and he sued out this writ of error. The contract averred is, that in May, 1891, defendant sold to plaintiff, for $750, the furniture and boarding-house equipments in a house in East St. Louis, and the interests in the boarding-house business, and in consideration of said sale and receipt of $750, defendant then and there agreed with plaintiff not again ever to enter into, or carry on, a boarding-house business in said city.

The breach alleged is, that defendant, within one month after making contract, again entered into, resumed, and carried on the business of boarding-house keeping in said city. The court erred in admitting incompetent evidence over the objection of defendant, and in denying motions of defendant to exclude such evidence from the jury, and the verdict was not warranted by the evidence.

One of the material averments of the declaration necessary to be proven on behalf of plaintiff, was the sale to him, by defendant, of the boarding-house furniture and equipments. This sale was evidenced by a writing, signed by Smith, describing the articles sold and price paid. The writing was the best evidence of the contract of the parties, and should have been produced and read to the jury, or a sufficient reason shown for the admission of secondary evidence in place of it. But the oral testimony of plaintiff was admitted to prove the contract of the parties, over the objection of defendant, and his several motions to exclude this parol evidence were denied, notwithstanding the plaintiff admitted the bill of sale was in his possession, and gave no reason for not producing it.

Hence, one material averment necessary to the maintenance of the suit was not established by competent evidence, and no recovery could lawfully be had. The oral testimony of plaintiff was also improperly admitted to prove a parol contract of defendant, made contemporaneously with said written contract of sale, not to ever enter into or carry on the business of restaurant keeper in East St. Louis. The effect of this ruling was to allow the admission in evidence,

and give vitality to a parol agreement in reference to the same subject-matter, made at the same time, with the written one, and which by the settled rules of law must be regarded as merged in the writing. Strehl v. D'Evers, 66 Ill. 77; Conwell v. S. & N. W. R. R. Co., 81 Ill. 232; Keegan v. Kinnoine, 12 Ill. App. 484, and cases these cited. If all this evidence had been admissible, yet the evidence of plaintiff touching the amount of his damage was quite unsatisfactory, and did not warrant the finding of the jury. For these reasons the verdict ought to have been set aside. Counsel for appellant makes the point that the parol contract not to engage in the restaurant business in East St. Louis was void because it was a contract in restraint of trade and contrary to public policy. The reasons we have given for reversing take this point out of the discussion and dispense with the necessity of deciding it; but we will add to what has been said, that if counsel desired us to decide the question, a demurrer to the declaration and abiding by the demurrer, in case the trial court overruled it, would have effected their purpose; and further, we understand the law to be, that a contract not in general restraint of trade, but only in partial and particular restraint thereof, where the consideration is adequate and the restriction is reasonable, is not void as being against public policy. Linn v. Sigsbee, 67 Ill. 75; Craft et al. v. McConoughy, 79 Ill. 346; Talcott v. Brackett, 5 Ill. App. 60; Cobbs v. Niblo, 6 Ill. App. 60; Stewart v. Challacombe & Ramsey, 11 Ill. App. 379; Just v. Greve, 13 Ill. App. 302.

For the errors we have indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*