## Patrick Hursen v. James C. Gavin.

1. RESTRAINT OF TRADE—*Contracts—Consideration.*—When contracts in restraint of trade are reasonable in their nature and are supported by a valid consideration they will be enforced by the courts, and if there be a reasonable limitation only, the courts will not inquire whether the consideration is adequate in value to that which the party loses by the restraint.

Hursen v. Gavin.

2. SAME—*What are Reasonable Limits.*—The court is of the opinion that the territory (the city of Chicago) is not so large nor the term of five years so long as to make a contract in restraint of trade unreasonable or opposed to public policy.

**Bill for Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

## STATEMENT OF THE CASE.

This was a bill to restrain appellant from engaging in the livery and undertaking business in the city of Chicago, prior to April 20, 1897.

The answer admitted that appellant was about to open an undertaking business at 1057 West Lake street, Chicago, and claimed the right to do so.

The cause was referred to a master to take "proofs," and report the same with his conclusions upon the law and evidence.

The master reported that the defendant, at the time of filing his bill, was engaged in the livery and undertaking business at 974 and 978 West Lake street and 1391 West Madison street with one Patrick Hursen, Jr., under the firm name of Hursen & Gavin, and that they had been so conducting said business since the 20th day of April, 1892; that the complainant was also engaged in the undertaking business at 387 West Van Buren street, under the name of James C. Gavin; that for several years prior to the 20th day of April, 1892, said business was carried on at numbers 976 and 978 West Lake street, and at number 1391 West Madison street, in the city of Chicago, by Patrick Hursen, Sr., the defendant, and for a few months prior to said date by the defendant and Patrick Hursen, Jr., under the firm name of P. Hursen & Son; that each owned a one-half interest in the business during said few months they were so in partnership; that on or about April 20, 1892, Patrick Hursen, Sr., offered to sell his interest in the livery and undertaking business, etc., for $6,000, and did sell it to the complainant for $5,500, agreeing with the complainant

not to engage in the livery and undertaking business in the city of Chicago for a period of five years from the 20th day of April, 1892; that P. Hursen, the defendant, has opened up an undertaking establishment at 1057 West Lake street.

Exceptions were filed to the master's report; they being in substance that the agreement of appellant with appellee was solely with regard to the barns at 976 and 978 West Lake street, Chicago, and at 1391 West Madison street, and that the "evidence shows that said Gavin is not and for some months has not been engaged in business in either of said places, and his interest in this cause has ceased, and for that reason no injunction should be granted in said cause."

A decree in accordance with the prayer of the bill having been rendered, this appeal is prosecuted.

RUNYAN & RUNYAN, attorneys for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is immaterial whether appellee is now doing business at the place purchased from appellant or elsewhere; the contract was in effect to obtain the good will of the business and the agreement covered the city of Chicago for the term of five years.

We do not think that the territory covered by the contract—the city of Chicago—is so large, or the term thereof —five years—so long, as to make it unreasonable or opposed to public policy. As to this see Green v. Price, 13 M. & W. 695; Same v. Same, 16 M. & W. 346; Davis v. Mason, 5 Term, 118; Bunn v. Gay, 4 East 190; Mallan v. May, 11 M. & W. 665.

The contract was not to engage in the livery and undertaking business.

The business of undertaking, necessarily, is drawn from a wide range of territory.

Appellee, in violation of his agreement, was about to open

an undertaking business in the immediate vicinity of the place he had sold.

The question as to whether a restriction of the kind now under discussion is reasonable is one of mingled law and fact.

The report of the master recommending the granting of an injunction is in effect a finding that the restrictive terms of the contract are, under the circumstances, reasonable. The exceptions to the report are not applicable to this finding.

When contracts of this kind are reasonable in their nature and are supported by a valid consideration, they will be enforced by the courts, and if there be a reasonable limitation only, the courts will not inquire whether the consideration is adequate or equal in value to that which the party loses by the restraint. Linn v. Sigsbee, 67 Ill. 75, and cases therein cited; Cobb v. Niblo, 6 Ill. App. 60; Guerand v. Dandelet, 32 Md. 561; More et al. v. Bennett et al., 41 Ill. App. 164.

The decree of the Circuit Court is affirmed.