Steve Pelc and Veronica Pelc, Appellants, v. Gust Kulentis and Stavraula Kulentis, Appellees.

Gen. No. 8,093.

Opinion filed May 13, 1930.

SIEBEL & SEVERIN, for appellants; A. F. W. SIEBEL, of counsel.

ARTHUR BULKLEY, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

This appeal is prosecuted from a decree dismissing a bill filed by complainants to enjoin the defendants from alleged violations of a contract entered into between the parties on July 31, 1922.

By the terms of the contract, defendants sold to complainants a retail grocery and meat market, including the real estate on which the business was located, and all the merchandise, goods, and chattels used in conducting the business, for the sum of $10,000. The contract provides that in consideration of such purchase and the further consideration of $10,000, defendants agree ''not to engage in any retail grocery and meat market business in the City of North Chicago, County of Lake, and State of Illinois (where the business was being conducted), from the date of this agreement and also not to engage in any other kind of business in the City of North Chicago, County and State aforesaid within two blocks square from the above-described premises.''

The bill alleges that defendants are operating a retail grocery and meat market in a building within two blocks square of the building so purchased by complainants, soliciting their customers and others who would trade with them, and have induced some of them to do so, thereby depriving them of a large amount of business and profits, all in violation of the terms of the contract. A demurrer to the bill was sustained and the bill was dismissed for want of equity.

It is contended by complainants that the contract is only in partial restraint of trade; that in view of the surrounding circumstances as alleged in the bill, its terms were reasonable and the contract valid. On the other hand, defendants insist that the contract is void for the reason that the agreement not to engage in the grocery and meat business is unlimited as to time, and that it undertakes to prohibit defendants from engag-

ing in any other business within two blocks of the premises purchased by complainants.

The law relating to contracts in restraint of trade has undergone definite changes and development coextensive with the progress of trade and commerce. Under the early common law of England, all agreements in restraint of a right to exercise a trade or calling were void as against public policy. This rule continued in force for 200 years. The expansion of business and commerce, however, eventually brought about judicial recognition that it was necessary to remodel the rule to meet modern requirements, and a distinction between a general and a limited restraint of trade gradually found favor. Although the courts continued to treat contracts in total restraint of trade as void, they began to enforce contracts in partial restraint of trade, provided such contracts were not unreasonable. The tendency of modern decisions is to adopt the later rule, and it may be said that the general rule now is, that contracts in unreasonable restraint of trade are void, while contracts which impose a reasonable restraint upon trade are valid. Considered with reference to the situation, business and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, if the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not injurious to the public, the restraint will be held valid. The test applied to the question of reasonableness is whether the restraint is such only as to afford a fair protection to the interests of the party in whose favor it is given, and not so large as to interfere with the interests of the public. The result of the test must be determined from a practical consideration of the circumstances of each case, and the law seems to be well settled that the covenant embodying the restriction

must be merely ancillary to the main purpose of a lawful contract, necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party. (6 R. C. L. Contracts, sec. 190 *et seq.*)

In *Southern Fire Brick & Clay Co. v. Garden City Sand Co.,* 223 Ill. 616, it is said, ''The authorities agree that contracts in partial restraint of trade, in order to be valid, must be reasonable as to time, place, terms, etc., manifesting an intention to simply protect the party relying upon the covenant in the reasonable restraint of unjust discrimination against him. Such contracts usually grow out of sales of property with the good will of a business, profession, partnership, etc.'' To the same effect are *Tarr v. Stearman,* 264 Ill. 110 and *Andrews v. Kingsbury,* 212 Ill. 97.

The contract in the case at bar contains two covenants by defendants. The first is that they will not engage in any retail grocery and meat business in North Chicago from the date of the agreement. It is not claimed that the territorial restriction is invalid or unreasonable, but it is urged that a time limit must be fixed in any agreement in partial restraint of trade, in order that a court may pass upon its reasonableness, and that a failure to do so imposes a perpetual prohibition for all time under all circumstances, and makes such a contract void.

The precise question here has never been squarely at issue in a court of review in this State. In *Tarr v. Stearman,* 185 Ill. App. 45, later affirmed by the Supreme Court (*Tarr v. Stearman, supra*), some attention was given to that phase of a contract, but the decision was based upon a consideration of public policy arising out of the particular circumstances of the case. No such question is involved in this case.

The rule is well settled that any partial restraint of trade or an agreement not to transact business at speci-

fied places, or with particular persons, or beyond a limited distance, or not to practice a profession within reasonable bounds, if there be some legal consideration for the restraint, will not invalidate the agreement. If there is a reasonable limitation only, and a consideration capable of supporting the agreement, it will be upheld. (*Linn v. Sigsbee,* 67 Ill. 75.) A contract not in general restraint of trade, but only in partial and particular restraint thereof, where the consideration is adequate and the restriction reasonable, is not void as being against public policy. (*Smith v. Leady,* 47 Ill. App. 441; *Stewart v. Challacombe & Ramsey,* 11 Ill. App. 379; *Cobbs v. Niblo,* 6 Ill. App. 60; *Gewirtz v. Abraham,* 171 Ill. App. 433.) It is to be noted that in each of the cases cited, the contract there in litigation contained a restriction unlimited as to time. While no opinion of a court of review in this State has turned upon the precise question, the general rule is that where a contract by which a person covenants not to engage in or carry on a particular business is limited as to territory and is reasonable and proper in other respects, the fact that the duration of the restriction is unlimited will not render the contract invalid, and this was true even according to the early rule. (13 C. J. Contracts, sec. 416.) That doctrine is not inconsistent with the holding in *Southern Fire Brick & Clay Co. v. Garden City Sand Co., supra, Andrews v. Kingsbury, supra,* or *Tarr v. Stearman, supra.* The services of no person can be so valuable to the public as to deprive him of the right to make an advantageous sale of his business upon the condition that he will not engage in competition with the buyer during the term of his own life, or that of the buyer, or for their joint lives. Where the contract is between individuals or between private corporations which do not belong to the quasi-public class, there is no reason why the general rule that the seller may not be allowed to fix the time for operation of the restriction, so as to command the highest market

price for the property he disposes of, should apply. (6 R. C. L. Contracts, sec. 201; 13 C. J. Contracts, sec. 416.)

The law is well summarized in *Union Strawboard Co. v. Bonfield,* 193 Ill. 420, where it is said, "A contract in partial restraint of trade is valid provided it is founded upon a good consideration and only affords a reasonable protection to the interests of the party in whose favor it is imposed, and the prohibited area is reasonable, so as not to be injurious to the interests of the public and against public policy." We are of the opinion that when considered with the restricted territory and the other circumstances shown by the bill, the limitation as to time is not void, but under the well settled rule is reasonable and valid.

The second covenant on the part of defendants is that they will not engage in any other kind of business in the City of North Chicago within two blocks square of the premises sold by them to complainants. No breach of that covenant is alleged by the bill, and an adjudication as to its validity is unnecessary in this case. The rule upon this subject is that if a contract is made consisting of two or more covenants, upon a valuable and legal consideration, and one of the covenants is illegal and the other is legal, if the covenants are so distinct that the portion which is legal may be severed from that which is illegal, so that each covenant may be considered as a distinct contract, the legal covenant can be enforced, and that which is illegal, disregarded. (*People v. Economy Light & Power Co.,* 241 Ill. 290.) If one gives a good and valid consideration, and thereupon another promises to do two things, one legal and the other illegal, he shall be held to do that which is legal, unless the two are so mingled and bound together that they cannot be separated, in which case the whole promise is void. (*Corcoran v. Lehigh & Franklin Coal Co.,* 138 Ill. 390; 13 C. J. Contracts, sec. 470; 6 R. C. L. Contracts, sec. 214.) The covenants in

the case at bar are not in any way interdependent but are severable. The fact that the violation charged adopts the location described in the second covenant does not tend to make the covenants inseparable or to charge violation of the second covenant. It was proper to plead the close proximity of the business of defendants to that of complainants as tending to show damages suffered from the alleged breach. It was error to sustain the demurrer and dismiss the bill.

Therefore the order of the circuit court is reversed and the cause remanded for further proceedings in harmony with this opinion.

*Reversed and remanded.*