540             CASES IN THE SUPREME COURT

McCollum et al vs. Cushing et al.                    [JANUARY

## McCollum et al. vs. Cushing et al.

A party giving a letter of guarantee must have notice that it is accepted, and credit given on the faith of it, by the person to whom it is addressed.

The undertaking of the guarantor is collateral, and demand of payment must be made upon the principal debtor, and notice of his default given to the guarantor in order to fix his liability.

The letter of guarantee, which is made the foundation of the suit, being signed by the firm name of P. McCollum & Co., and the declaration charging that the defendants executed the letter by their partnership name, and the allegation not being denied by sworn plea, the letter was admissible in evidence without proof of its execution by the defendants, or of the alleged partnership.

*Appeal from Ouachita Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

FARRELLY & FINLEY, for appellants.

It is well settled that a party, giving a letter of credit, or a guaranty, has a right to know, by notice in a reasonable time, whether it is accepted, or acted upon, and the amount of goods or credit given on the faith of it. *Reynolds vs. Douglas,* 7 *Pet.* 125; *Russell vs. Clarke's exrs.,* 7 *Cranch.* 69; *Edmondson vs. Drake,* 5 *Peters* 624; *Oxley vs. Young,* 2 *H. Bl.* 613; *Peel vs. Tatlock,* 1 *Bos. & Pull.* 419; *Cunningham vs. Jones,* 12 *Peters* 207; *Crafts vs. Isham,* 13 *Con. R.* 28; *Mussey vs. Rayner,* 22 *Pick. R.* 233; *Lawson vs. Townes,* 2 *Ala. R. N. S.* 373; *Oaks vs. Weller,* 13 *Vermt. R.* 106; *Sollee & Warley vs. Menzy,* 1 *Bailey's S. C. R.* 620; *Patterson vs. Reed,* 7 *Watts & Sergeant's R.* 144. In this case, the plaintiffs neither averred that the defendants had notice of the acceptance of the guaranty, nor the amount of credit given thereon. It was a matter peculiarly within

their own knowledge, and they should have given the notice to defendants, and have proven it on the trial. Having wholly failed to do this, we submit that the finding and judgment of the court below were, on this account, erroneous.

Again: It was once thought to be the law, that in order to fix the liability of the surety or guarantor, a creditor was bound to pursue the principal to insolvency. But, in later times, that doctrine has been disregarded, and the inflexible rule now is, " that a demand must be made upon the principal by the creditor, and notice, of the non-payment or default, given to the guarantor, and that in a reasonable time, to fix his liability." *Ringgold's adm. vs. Newkirk & Olden*, 3 *Ark.* 96; *S. C.* 1 *Eng.* 145; *Lane vs. Levillian*, 4 *Ark.* 76; *Douglass vs. Reynolds*, 7 *Peters* 113.

Peter McCollum and John E. McCollum were declared against as partners, etc., under the name and style of P. Mc-Collum & Co." This was a material allegation in the declaration, was traversed by the defendants' plea of non-assumpsit, and it devolved on the plaintiffs to prove it. *Trowbridge & Jennings vs. Sanger*, 4 *Ark. R.* 179. The only proof adduced of the partnership, in this case, by the plaintiffs, was the letter of credit itself, signed " *P. McCollum & Co.*," which, of itself, we think, was not sufficient proof of that fact. In the case of *Alford use of Bettison vs. Thompson et al.*, 5 *Arks.* 347, this point came directly before this court and was decided.

GALLAGHER and KNIGHT, for appellees.

The guaranty is in writing, signed by P. McCollum & Co., and is so declared upon. The writing is admitted to be by one of the defendants, and the sale of the goods to the third party is also admitted. The objection is that the court refused to require appellees to prove the partnership of defendants.

We submit there was no error. Both defendants pleaded non-assumpsit, and neither verified by affidavit, consequently both failing to put in issue the execution of the writing, there was no necessity of proof by appellees as to either. *Gould's Dig.*, p. 861, sec. 105; *Nicholoy vs. Kay*, 1 *Eng.* 59.

Mr. Chief Justice ENGLISH delivered the opinion of the Court. This suit was founded on the following letter of guarantee:

" CAMDEN, ARKS., 6*th* *October*, 1857.

Messrs. CUSHING, KING & DE GRAW:

*Gents*—We take pleasure in introducing to your acquaintance, Mrs. Hitchcock, a lady of this place, who visits New York for the purpose of purchasing a small stock of goods in the millinery line. Should she wish to purchase a part of her bill on time, we would say that she would meet the bills promptly, and that we will guarantee for her to the extent of five hundred dollars, to be paid in six months. Mrs. H. has resided here for the last year, and her business has been successful and profitable. Any attentions or civilities extended to her, will be duly appreciated by her and

your ob't servants,

P. McCOLLUM & CO."

Cushing, King & DeGraw, the plaintiffs below, declared specially, in assumpsit, upon the letter, against McCollum & Co.

On the trial before the court, sitting as a jury, upon the general issue, the above letter was introduced in evidence, and it was proven that the plaintiffs sold goods to Mrs. Hitchcock, to whom the letter was given by defendants, and took her note for $405, dated New York, October 22d, 1857, payable six months after date. The note was read in evidence, with the indorsement showing a payment of $200, May 31st, 1858. The court rendered judgment in favor of plaintiffs for $202, damages, the defendants moved for a new trial, and in arrest of judgment, which were overruled, and they appealed.

It was not averred in the declaration, nor proven on the trial, that the appellees ever gave any notice to appellants, that the letter of guarantee had been accepted, and goods sold to Mrs. Hitchcock upon faith of the guarantee.

The law on the subject of notice of acceptance of the guarantee is expressed by Mr. Justice STORY, in *Douglass et al. vs. Reynolds et al.*, 7 *Peters* 125, thus:

" A party giving a letter of guarantee has a right to know whether it is accepted, and whether the person to whom it is addressed means to give credit on the footing of it, or not. It may be most material, not only as to his responsibility, but as to his future rights and proceedings. It may regulate, in a great measure, his course of conduct and his exercise of vigilance in regard to the party in whose favor it is given." See, also, *Lane vs. Levillian*, 4 *Ark.* 84.

Nor did the declaration aver, nor was it proven upon the trial, that appellees demanded payment of Mrs. Hitchcock, on the expiration of the credit and maturity of the debt, and gave the appellants notice of non-payment by her.

On the subject of demand of payment upon the principal debtor, and notice to the guarantors, the learned judge, above quoted, states the law to be as follows:

" By the very terms of this guarantee, as well as by the general principles of law, the guarantors are only collaterally liable upon the failure of the principal debtor to pay the debt. A demand upon him, and a failure on his part to perform his engagements, are indispensable to constitute a *casus fœderis*. The creditors are not indeed bound to institute any legal proceeding against the debtor, but they are required to use reasonable diligence to make demand, and to give notice of the non-payment. The guarantors are not to be held to any length of indulgence of credit which the creditors may choose; but have a right to insist that the risk of their responsibility shall be fixed, and terminated within a reasonable time after the debt has become due." *Douglass et al. vs. Reynolds, ubi sup.* See, also, *Lane vs. Levillian, ubi sup.*

The appellants were declared against as Peter McCollum and John E. McCollum, partners, etc., under the firm name and style of P. McCollum & Co.; and the declaration charged that they, by their firm name, executed the letter of guarantee sued on. They pleaded non-assumpsit, but their plea was not verified by affidavit. The court below decided that it was not necessary for the plaintiffs, under the issue, to prove the partnership; and the decision, we think, was right.

The instrument of guarantee was made the foundation of the action, and, in the language of the statute, it was *charged to have been executed* by both of the defendants as partners, etc., and the allegation not being denied by sworn plea, the instrument was admissible in evidence without proof of its execution by either of the defendants, or of the alleged partnership. *Gould's Dig., chap.* 861, *sec* 103.

The case of *Alford use, etc., vs. Thompson et al.,* 5 *Ark.,* was upon a different statute. See *Gould's Dig., chap.* 99, *sec.* 111, *p.* 668,–9.

The judgment must be reversed, and the cause remanded for further proceedings, etc.