## STEWART v. SHARP COUNTY BANK.

### Opinion delivered October 31, 1903.

1. GUARANTY—DEMAND AND NOTICE.—An indorsement upon an account stated by a third party as follows: "This bill will be paid in fifteen days. Draw for amount at that time," constitutes an absolute guaranty which will not be affected by failure of the guarantee to make demand or give the guarantors notice of the principal's default until two weeks after the fifteen days mentioned in the contract. (Page 588.)

2. SAME—ACCEPTANCE.—Where plaintiffs offered to extend the time on a debt due them if defendants would guaranty its payment, the contract was complete when defendants accepted the offer, and plaintiffs were not obliged to notify defendants of their acceptance of the guaranty. (Page 588.)

3. SAME—CONSTRUCTION.—Where defendants indorsed on an account, "This bill will be paid in fifteen days. Draw for amount at that time," the guaranty did not impose a condition that the account should be presented on the last of the fifteen days, but merely indicated the date on which plaintiffs' right to draw should accrue. (Page 589.)

Appeal from Sharp Circuit Court.

JOHN B. MCCALEB, Circuit Judge.

Reversed.

John Eady, a merchant of Hardy, Ark., was, in August, 1900, indebted to Stewart, Gwynne & Co., of Memphis, Tenn., in the sum of $114.66, on account for goods and merchandise sold and delivered. This account was overdue, and in the month named Stewart, Gwynne & Co. gave instructions to one of their traveling salesmen to go to Hardy, and not to leave there until the account was paid, or the matter was closed up in some way. The agent went there, and presented the account, but Eady was unable to pay at that time, though he said that he could do so in ten or fifteen days. The agent thereupon proposed to Eady that, if he would get the Sharp County Bank to "accept" the account for him, he would extend the time for payment fifteen days. Eady thereupon took the account to the bank, and presented it to C. D. Foster, the president of the bank, and, after explaining to him that Eady was unable to pay at that time, but that he would be able to pay in ten or fifteen days, he requested of Foster that the bank "indorse or guaranty" the payment of the account. Foster thereupon wrote upon the sheet upon which the account was made, below the statement thereof, the following indorsement, to-wit: "This bill will be paid in fifteen days. Draw for amount at that time. [Signed] Sharp County Bank. C. D. F." This indorsement was made on the 28th day of August. Eady delivered the account with the indorsement to the agent, and he left. The account was not paid at the end of fifteen days. A few days afterwards Eady failed, and went into voluntary bankruptcy. On the 2nd day of October following, after Eady had failed, the account was presented to the bank, and demand of payment made. Foster declined to pay on the ground that the bank had not presented the same for payment on the expiration of the fifteen days, nor within three days thereafter, and for the further reason that no notice had been given to the bank that the account had not been paid. The plaintiffs thereupon brought this action to recover the amount. On the trial there was a verdict and judgment in favor of defendants, from which plaintiffs appealed.

*Myers & Banks*, for appellants.

The writing placed on the face of the statement of the account constituted an absolute guaranty or promise of the appellees. 24 Ark. 511; 12 Ark. 174. The same was based upon a consideration. 31 Ark. 227; 40 Ark. 69; 33 Ark. 97; Clark, Contr., 151,

172; 14 Am. & Eng. Enc. Law, 1135; 1 Parsons, Contr. (5th ed.), 440. Appellees guarantied the payment. Story, Prom. Notes, § 135; 6 Cowen, 484; 7 Pick. 291; 1 Pin. (Wis.), 130, 469; 2 Dan. Neg. Int. § 1769; 79 N. C. 175; 107 N. C. 707; 55 Conn. 251; 10 Atl. 569; 3 Am. Dec. 4. Notice of non-payment was not necessary. 4 Ark. 76; 24 Ark. 511; 59 S. W. 761; 21 Ill. 637; 27 Ill. 465. The indorsement was a promise to pay. 14 Am. & Eng. Enc. Law, 1142; 9 Ia. 471; 3 Ia. 266; 3 Ia. 450. And did not depend upon a demand and notice of default. 14 Am. & Eng. Enc. Law, 1149, 1152, 1180; Brandt, Surety, §§ 164, 175, 246; 7 Greenl. (Me.) 187. No notice was necessary to fix the liability of the surety. 4 Ark. 76; 40 Ark. 545; 95 U. S. 90; 34 Ark. 524. The evidence discloses notice to appellees. 6 Ark. 142. It was error to give instruction No. 2. 44 Ill. 321; 18 Ill. 548; 3 Scam. (Ill.), 489, 491; 2 Pars. B. & N. 137; 6 Wis. 422; Clark, Contr., 94, 96. The guaranty is governed by the common law and statutory modifications, which do not require such strictness. 2 Dan. Neg. Inst. § 1754; 100 Ind. 52; 50 Am. R. 763; 3 Scam. (Ill.) 489; 20 Johns. 365. The guaranty was an original, and not a collateral, undertaking, and no notice was necessary to fix the liability. 4 Ark. 76; 24 Ark. 511; 44 Ill. 638; 59 Ill. 428; 21 Ill. 636; 18 Ill. 548.

*Sam H. Davidson* and *D. L. King,* for appellees.

This verdict will not be disturbed if there was evidence to support it. 55 Ark. 577; 23 Ark. 131, 208; 51 Ark. 467. Notice of non-payment should have been given. 2 Par. Contr. 12. The writing was not an unqualified guaranty. 24 Ark. 511; 6 Conn. 81; 2 McLean, 557; 7 Pet., 125; 19 S. W. 997; 15 S. W. 499; 37 Tex. 257; Brandt, Surety, 157; 12 Pet. 211; 13 Vt. 110; 29 Pa. St. 463; 9 Pa. St. 320; 17 Johns. 138; 5 Mo. 505; 41 S. W. 513; 17 S. W. 25. Notice should have been given. 10 Pet. 482; 12 Story, 207; 7 Cranch, 69; 5 Pet. 624; 7 Pet. 113; 10 Pet. 482; 10 How. 461; 12 Pick. 223; 9 Barr, 320; 78 Ky. 193; 15 U. S. 524; 86 Mo. 216; 14 Am. & Eng. Enc. Law, 1146; 78 Ky. 195; 30 Am. R. 220; 66 S. W. 521; Brandt, Surety, §§ 186-192; 17 S. W. 25. The writing is not a contract, only evidence of it. Clark, Contr., 567. The guarantor is discharged by laches of the creditor. 9 Am. & Eng. Enc. Law, 80; 11 Ark. 507; 7 Ark. 457; 14 Ark. 130.

RIDDICK, J., (after stating the facts). This is an action brought by Stewart, Gwynne & Co. against E. B. Beeton and C. D.

Foster, partners doing a banking business under the firm name of the Sharp County Bank; Foster being president, and Beeton cashier of the bank. The action is based on a writing by which plaintiffs contend that the defendants guarantied the payment of an account due plaintiffs from one Eady for $114. The writing sued on was indorsed on the account of plaintiffs against Eady, and is in the following words: "This bill will be paid in fifteen days. Draw for amount at that time." The writing was made, and the name of the bank signed to it, by Foster, the president of the bank. No question is raised as to the sufficiency of the consideration upon which it was based, or as to the power of the president to bind the firm by a contract of that kind.

On the trial in the circuit court the presiding judge instructed the jury that the written promise of the bank to pay a debt alleged to be due from Eady to the plaintiffs "constituted a guaranty on the part of the defendants that the sum mentioned in the writing would be paid at that time." We think that this was a correct statement of the law. But if the writing was a guaranty that the debt would be paid in fifteen days, it was then an absolute guaranty, for it was an unconditional promise to pay at that time on default of the principal. 14 Am. & Eng. Enc. Law (2d ed.) 1141. On the failure of Eady to pay the account in fifteen days, the guarantors became liable by the terms of their contract, and this liability was not affected by the failure of the guarantee to make demand or give the guarantors notice of the default of Eady until about two weeks after the expiration of the fifteen days mentioned in the contract. This being an absolute guaranty, no such notice was required. It was the duty of the guarantors in such a contract to take notice of the fact that the debt was unpaid, and to adopt such means as they deemed necessary to protect themselves. This point has been settled against the contention of counsel for appellees by a recent decision of the court. *Braddock v. Wertheimer,* 68 Ark. 423; *Davis v. Wells,* 104 U. S. 159; 14 Am. & Eng. Enc. Law (2d ed.) 1149.

But counsel for defendants contend with much earnestness that the plaintiffs should have notified them that the guaranty was accepted, and, as they failed to do so, that no binding contract was made. This would no doubt be true if the writing sued on was only an offer to guaranty the payment of the account. As it takes two to make a contract, such an offer would not become a binding contract until accepted by the other party. But that is not the case here. The proposition to extend the time provided there was

a guaranty of payment by the bank came not from the bank but from the agent of the plaintiffs. This proposition of the agent was carried to the bank by Eady, and was accepted, and thereupon the writing sued on was placed on the account, and signed by the firm, and returned to Eady, who delivered it to the agent; thus closing the contract, and making it an absolute guaranty that the debt would be paid in fifteen days. The evidence shows that all parties understood that this was so, for, when, some two weeks after the expiration of the fifteen days' extension, the account was presented for payment, the firm refused to pay, not because it had received no notice of acceptance of the guaranty, but because the presentment was not made at an earlier date. Foster, the member of the firm that signed the guaranty, testified that "the bank would have paid the debt had the draft for the same been presented at the expiration of the fifteen days or within three days thereafter," thus showing that he recognized that a valid contract of guaranty had been made, and that no acceptance was expected or required. We are therefore of the opinion that under the facts of this case the contention of counsel for defendants that plaintiffs should have given notice of their acceptance of the guaranty must be overruled. *Davis v. Wells,* 104 U. S. 159; 14 Am. & Eng. Enc. Law (2d ed.), 1145.

We see nothing in the contract to support the further contention that the guaranty was on the condition that the amount should be presented to the bank for payment on the very day the fifteen days' extension expired. The defendants may have been under the impression that this was the meaning of the contract, but the case must be decided by the language used, and that does not sustain them. The words, "Draw for the amount at that time," do not, we think, carry such a meaning or impose such a condition. It seems to us that they were only intended to emphasize the guaranty contained in the words that precede by saying that the money would be ready, and that the guarantees could draw for it so soon. as the fifteen days expired. These words tell the guarantees how soon they can draw for the debt, but do not limit their right to draw at a later date, for there is nothing in the language to notify the plaintiffs that, unless they drew promptly at that date, they would forfeit their rights under the contract. The circuit court rightly refused to attach this meaning to the language used.

The view we have taken of the law of this case renders it unnecessary that we should discuss the instructions given or refused,

for it follows from what we have said that we think that on the facts proved the verdict and judgment should have been in favor of plaintiffs, instead of the defendants. We are, therefore, of the opinion that the circuit court erred in overruling the motion for new trial filed by the plaintiffs. For this reason the judgment is reversed, and a new trial granted.