FALLS CITY CONSTRUCTION COMPANY *v.* BOARDMAN.

Opinion delivered February 16, 1914.

1. GUARANTY—LIABILITY—NOTICE OF ACCEPTANCE.—The guarantee is required to give notice of his acceptance of a guaranty only where the guaranty is in legal effect an offer and proposal. Where the transaction is not merely an offer to guaranty the payment of a debt and amounts to a direct promise to guaranty, all that is necessary to make the promise binding is that the promisee should act upon it, and he need not notify the promisor of his acceptance. (Page 419.)

2. GUARANTY—NOTICE OF ACCEPTANCE.—Where there has been a precedent request for the guaranty, notice of its acceptance need not be given to the guarantor. (Page 420.)

Appeal from Monroe Circuit Court; *John D. Du-Bois,* Special Judge; reversed.

STATEMENT BY THE COURT.

In the fall of 1911 the commissioner of public buildings for Monroe County, acting under the orders of the county court, entered into a contract with the appellant for the purpose of erecting a courthouse at Clarendon. The proposed contract had been approved by the attorney for the county, and had been signed by the commissioner for the county. It contained the following clause:

"It is agreed that this contract shall not be binding upon the contractor until approved at the discretion of its attorney in writing, and said contractor is allowed the full time of twenty days from date hereof for the purpose of securing the approval of its attorney."

The attorney for the appellant told the county judge that he would not advise his client to sign the contract unless the first payment to be made, under the contract, due July 15, 1912, would all be paid promptly in cash. The attorney says:

"I told the judge that it would satisfy me if he would get men in Clarendon of financial strength and character sufficient to make the obligation binding and strong enough to pay the $11,500 in the event it was not paid by the county. The judge requested me to prepare such a paper, and he would circulate it and get the signatures."

The following is the paper which the attorney prepared and to which the judge procured the signatures:

"Clarendon, Ark., October 17, 1911.

"Falls City Construction Company, Clarendon Ark.

"Gentlemen: In order to induce you to sign a contract with Monroe County, Arkansas, for the erection of a county courthouse building at Clarendon, and give a good bond therefor, we, the undersigned county officials and citizens of Clarendon, hereby believe that the county revenues will be sufficient to pay in lawful money all the several installments of the contract price for the courthouse, and that the county's financial affairs will be con-

ducted, so far as the undersigned officials are concerned, in such a manner as to pay the installments set forth in the contract promptly as they fall due.

"We guarantee that the first installment of the courthouse debt of $11,500, due July 15, 1912, in the county's contract with you will be paid promptly by the county in lawful money, and we believe that the other installments of the contract price in like manner will be promptly paid. The undersigned will purchase in cash at face value any part of the courthouse warrants representing said installment due July 15, 1912, which shall remain unpaid on that date, according to the amounts set opposite our names below, or pay for the same in proportion to the amounts set opposite our names shall bear on the whole amount of said installment unpaid, due July 15, 1912."

The instrument was signed by the appellee and thirty-four others, and the amounts that each proposed was set opposite his name. The amount set opposite appellee's name was the sum of $100.

The contract was approved by the attorney of appellant on November 1, 1911, and accepted by it, and became a binding contract on appellant from that date. No written notice of the acceptance of the contract by appellant was given to the appellee. Appellant duly performed the contract on its part by building the courthouse. When the county warrants issued for the first installment were presented, they were not paid because of the lack of funds in the treasury, and the appellant thereupon brought this suit. The court, after hearing the evidence, instructed the jury as follows:

"You are instructed to return a verdict for the defendant, because of the fact that the contract sued on is an open continuing offer of guaranty, and no liability arises from same unless actual notice is given the guarantor that the contract has been accepted. The testimony of the plaintiff's witnesses shows that no notice of acceptance was ever attempted to be given, and, in fact, the

plaintiff company, by the testimony of its agents, admits that no notice of acceptance was ever given.''

Judgment on the verdict was rendered in favor of appellee.

*John B. Moore,* for appellant.

Where a guaranty is signed at the request of the guarantee, notice of acceptance is not required. 71 Ark. 589; 104 U. S. 166; 115 U. S. 527; 74 N. E. 139; 94 N. E. 804; 50 N. E. 644.

If the contract sued upon was a guaranty, it was an unqualified promise to pay a debt fixed and definite in its terms on a definite date, and, performance and demand not being denied, notice of acceptance was not required. 24 Ark. 516; 59 Ark. 86; 151 S. W. 1012; 136 S. W. 867.

If appellee was a surety, and not a guarantor, notice was not required. 52 N. E. 782; 23 N. E. 282; Brand on Suretyship, § 1; 32 Cyc. 20; 89 Fed. 464.

*S. S. Jefferies,* for appellee.

An offer of a contract of guaranty can not be made into a binding contract by performance of the principal contract, unless the guarantee has notified the guarantor that he has accepted the offer of guaranty and relies thereon. 1 Parsons on Contracts (6 ed.), § § 478-480; *Id.* 13, 14; 24 Ark. 511-517; 4 Ark. 76; 151 S. W. (Ark.) 1012; 115 U. S. 524; Clark on Contracts, § 24; Childs on Suretyship and Guaranty, § 26; 20 Cyc. 1404, *et seq.*; 59 Ark. 86; 22 Ark. 540.

WOOD, J., (after stating the facts). The court erred in holding that the instrument sued on was only an offer of guaranty. In 20 Cyc. p. 1407, III, it is said: ''Both the English and American cases hold generally that the rule requiring notice by the guarantee of his acceptance of the guaranty applies only where the guaranty is in legal effect an offer or proposal. Where the transaction is not merely an offer to guaranty the payment of debts and amounts to a direct promise of guaranty, all that is necessary to make the promise binding is that the prom-

isee should act upon it; he need not notify the promisor of his acceptance,'' and, at page 1409, it is said: ''Where there has been a precedent request for the guaranty notice of its acceptance need not be given to the guarantor.'' See *Stewart* v. *Sharp County Bank,* 71 Ark. 585-589; *Davis* v. *Wells,* 104 U. S. 159.

These principles apply to the facts of this record. The case of *McCarroll* v. *Red Diamond Clothing Co.,* 105 Ark. 443, is in point. There we held that ''where the guarantor directed the guarantee to ship certain goods upon the former's 'endorsement,' if his credit was regarded good for the amount, and the guarantor had notice that the goods were shipped accordingly, he became liable, although the guarantee never notified him that it would look to him for payment.''

Speaking of the letter, we said: ''This was not a continuing guaranty nor a conditional one, but a special guaranty or indorsement.'' In that case the letter was not an offer to guaranty, nor is it in the case at bar. The letters in both cases are direct, absolute and unconditional promises upon the part of the guarantor to pay the guarantee a certain fixed amount, when certain things are done by him. *McCarroll* v. *Red Diamond Clothing Company, supra,* can not be distinguished in principle, on the facts, from the instant case, and is controlling.

Appellee relies upon the case of *McCollum et al.* v. *Cushing et al.,* 22 Ark. 540. In that case a firm of merchants at Camden wrote to a firm of merchants in New York introducing the latter to a lady who was visiting New York to purchase a small stock of goods. The Camden merchants recommended the lady to the New York merchants as worthy of credit, stated that she would pay promptly, and that they would guaranty for her to the extent of $500. The whole letter shows that it was only ''an offer of a promise'' by the Camden firm to pay the New York firm, if it extended the credit to the lady, to the extent of $500, if she did not pay herself in six months. The Camden merchants could not know that the New York firm would extend the credit to the lady

until the New York firm had notified them of that fact. Hence notice of acceptance was held necessary.

The court, quoting from Mr. Justice Story, in *Douglas et al.* v. *Reynolds et al.,* 7 Peters 125, said: "A party giving a letter of guaranty has a right to know whether it is accepted and whether the person to whom it is addressed means to give credit on the footing of it or not, it may be most material, not only as to his responsibility, but as to his future rights and proceedings." Here the direct promise of the guarantors was: "To purchase in cash at face value any part of the courthouse warrants representing said installment due July 15, 1912, which shall remain unpaid on that date according to the amounts set opposite our names below, or pay for the same in proportion to the amounts' set opposite our names shall bear on the whole amount of said installment unpaid, due July 15, 1912."

Here the guarantors knew that the contract for building the courthouse only remained to be signed by the appellant to complete it. As citizens of Clarendon and officials of the county, they were interested in having the courthouse completed, they knew that appellant would not sign the contract, and would not build the courthouse unless they signed the guaranty, and they knew that appellant exacted this guaranty and would sign the contract and build the courthouse if the guaranty was executed. These facts clearly distinguish the instant case from the case of *McCollum* v. *Cushing, supra.* A further distinguishing feature is that the testimony shows that appellee signed the contract at the request of appellant. Judge Holloway circulated the contract at the request of appellant. Appellee testified that he gave the contract back to Holloway in order that Holloway might obtain other signers.

It follows that the judgment must be reversed, and, in view of a new hearing, it is proper to state that the undisputed evidence shows that, according to the terms of the contract of guaranty, the amount due appellant by the appellee is the sum of $214.95, for which judgment

should be entered, unless there are new developments in the evidence.

Reversed and remanded for new trial.