## John M. Easton
## v.
## G. M. Mitchell.

*Landlord and Tenant—Term Must be Certain—Construction of Lease —Rule—*Quantum Meruit.

1. A lease for " the whole time that he [the lessee] may be postmaster," is held to have expired with the expiration of the commission held by him at the time of its execution.

2. In every estate for years the term must be certain.

3. Where the lessee holds over, the lessor may recover on a *quantum meruit.*

4. It is a rule of construction that a contract should be supported rather than defeated.

[Opinion filed August 26, 1886.]

In error to the Circuit Court of Coles County; the Hon. J. W. Wilkin, Judge, presiding.

Messrs. Craig & Craig, for plaintiff in error.

Messrs. Wiley & Neal, for defendant in error.

Conger, J.   Mitchell was appointed postmaster of Charleston, Illinois. His first commission was dated April, 1877, and expired on the 15th or 16th of April, 1881.

On the 11th day of March, 1879, Mitchell rented from Easton a room for a post office, and the parties executed the following lease:

"This agreement made and entered into this 11th day of March, by and between Greenville M. Mitchell, of Charleston, Coles County, Illinois, party of the first part, and John M. Easton, of the same place, party of the second part, witnesseth, that the said party of the first part has this day rented from the said party of the second part, the ground floor of the brick building described as follows, to-wit: Eighteen (18) feet eight (8) inches off the east side of lot thirty (30), original town of Charleston, Coles County, Illinois, to be used by said party of the first part as a post office, yielding and paying therefor the sum of ninety-six (96) dollars per annum, to be paid in installments of eight dollars at the end of each month. Said building to be put in good repair by the said party of the second part, the party of the first part paying for said repairs out of the rents as they fall due.

The said party of the first part covenanting and agreeing to occupy, during and for the whole time that he may be postmaster for said town of Charleston. The said party of the second part covenanting for the peaceable and quiet occupancy by the said party of the first part, during the whole of his time as tenant of the premises aforesaid.

Witness our hands and seals at Charleston, this, the 11th day of March, 1879.

GREENVILLE M. MITCHELL,<br>J. M. EASTON."

About a month before the expiration of the first commission, which ended April, 1881, Easton notified Mitchell that when his time was out under said commission, he should want the building, or if he, Mitchell, kept it thereafter, he must pay as rent therefor twenty dollars per month.

Mitchell it seems was re-appointed postmaster for another term, and continued in the occupancy of the building after April, 1881, for some fifteen months.

Upon the trial below, plaintiff in error claimed that the written lease expired with the first term, in April, 1881, and testi-

Easton v. Mitchell.

fied to the value of the premises thereafter, upon the theory of recovery upon a *quantum meruit,* whereupon the court excluded such evidence from the jury and instructed them to find for the defendant.

It is not at all clear what the lease means as to the length of time it is to run. But it must be construed to mean the term of office of four years which the first commission covers, or the lease is void, and can neither afford a right of action nor protection of either of the parties.

Every estate for years must have a certain beginning and certain end ; it is called a term, *terminus,* because its duration or continuance is bounded, limited and determined. " A lease for so many years as J. S. shall live, is void from the beginning, for it is neither certain nor can ever be reduced to a certainty during the continuance of the lease. And the same doctrine holds if a parson makes a lease of his glebe for so many years as he shall continue parson of Dale; for this is still more uncertain. But a lease for twenty or more years, if J. S. shall so long live, or if he should so long continue parson, is good, for there is a certain period fixed, beyond which it can not last, though it may determine sooner, on the death of J. S. or his ceasing to be parson there." Blackstone, book 2, page 143.

One of the rules for construing contracts requires that a contract should be supported rather than defeated. " Thus, a deed which can not operate in the precise way in which it is intended to take effect, shall yet be construed in another, if in this other it can be made effectual. This desire of the law to effectuate rather than defeat a contract, is wise, just and beneficial." Parsons on Contracts, Vol. 2, pages 15–17.

It is not unreasonable to say that the parties entering into the lease had in view when they used the general words, "agreeing to occupy during and for the whole time that he may be postmaster, " the term of office which the law fixed under the appointment then made at four years, and not future appointments. They are presumed to have known the law, and that by the rules of law the former construction would effectuate and make valid their contract while the latter would render it absolutely void.

We therefore are inclined to hold that the written contract expired by its own limitation at the termination of Mitchell's first term, in April, 1881.

From that date, he having been notified by his lessor to surrender the house or pay an increased rent, we hold he was liable for whatever could be shown to be a reasonable rent therefor.

The judgment of the Circuit Court will be reversed, and the cause remanded.

*Reversed and remanded.*