**The Corn Exchange National Bank of Chicago, Appellant, v. John C. Curtiss et al., Appellees.**

## Gen. No. 14,130.

1. SURETYSHIPS—*how contracts of construed.* Contracts of guaranty must be construed as favorably to the creditor seeking their enforcement as other contracts in writing.

2. CONTRACTS—*what words may be rejected as surplusage.* Held, that the words "to the extent of .................. dollars" in the contract of guaranty in question in this case, should be rejected as surplusage.

3. STATUTE OF FRAUDS—*what contract to pay debt of another satisfies statute.* A written guaranty of loans to be made in the future without specified limit as to amount, is unlimited as to amount, and satisfies the requirements of the Statute of Frauds.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded with directions. Opinion filed February 4, 1909.

JUDAH, WILLARD, WOLF and REICHMAN, for appellant.

BAYLEY & WEBSTER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The dispute between the parties to this appeal is based upon the following written guarantee, set forth in *haec verba* in the Bank's declaration, viz:

490    APPELLATE COURTS OF ILLINOIS.

Corn Exchange National Bank of Chicago v. Curtiss, 146 App. 489.

"CHICAGO, ILLINOIS, March 17, 1903.

For value received and for the purpose of enabling Curtiss, Williams Co. to obtain credit of the Corn Exchange National Bank of Chicago, we hereby guarantee the prompt payment at maturity or thereafter of any and all indebtedness, either as principal or endorser, now due or which may hereafter become due, from said Curtiss, Williams Co., to the Corn Exchange National Bank of Chicago, to the extent of —————— dollars, with interest at the rate of seven per cent per annum from maturity until paid, and agree to pay all costs and expenses paid or incurred in collecting the same.

Notice of acceptance of this guarantee and of any and all indebtedness or liability accepted during its existence is hereby waived.

This guarantee shall remain in full force and binding upon the undersigned, until written notice of its discontinuance shall be received by the said bank, and any and all indebtedness or liability accepted before receiving notice of revocation shall have been fully paid.

JOHN C. CURTISS,
A. R. WILLIAMS."

February 21, 1905, the Bank loaned Curtiss, Williams Co. $4,000, being before any notice of discontinuance was given by either Curtiss or Williams. This indebtedness remaining unpaid, this suit was brought to recover it from defendants predicated upon their liability to respond therefor in virtue of the foregoing guarantee. A number of pleas were filed to the declaration, which were afterwards eliminated from the case, and the cause is here upon appeal from the ruling of the trial court in overruling a demurrer to an additional plea interposed by the defendant, Williams, and upon plaintiff electing to stand by its demurrer it suffered a judgment of *nil capiat*. This plea is in bar of the action and avers "that said agreement by and between said plaintiff and said defendants was verbal and entire, and that a part only thereof was reduced to writing, to-wit: that which in said

count is set forth in words and figures as the entire agreement was and is in fact but a part only of the agreement then and there made and entered into by and between the plaintiff and the defendants, and that in addition thereto, and as part of the entire agreement, it was further then and there agreed by and between said plaintiff and said defendants, that credit should be extended to said Curtiss, Williams Company by the said plaintiff to the extent only of a limited sum, to-wit: the sum of two thousand dollars." That therefore the agreement "was not, nor is, nor was nor is any memorandum or note thereof in writing signed by this defendant, or any other person thereunto by this defendant authorized, according to the form of the statute, etc."

The defendant Curtiss filed a plea of discharge in bankruptcy, and upon a hearing, judgment on that plea was entered in his favor, which leaves the cause on the issues made by the pleas of the defendant Williams and the demurrer thereto of plaintiff. The learned trial judge evidently grounded his decision on the legal theory that the failure to insert any amount in the blank space preceding the word "dollars," made the guarantee agreement so incomplete as to require parol evidence to show the amount or extent of the guarantee in dollars actually agreed upon between the parties, and therefore made the contract obnoxious to the statute of frauds, as not being an agreement entirely in writing. Plaintiff contends, and we think correctly, that the contract of guarantee in the condition in which we find it, was one without limitation as to the amount for which the guarantors made themselves liable. This being our construction of the agreement, it follows that it was complete in itself and cannot be varied in any of its terms by parol proof. The difficulty in this case turns upon the rule of construction applicable to guarantee agreements of the nature of the one at bar. They are to be construed so as to make them effective and enforceable

492    APPELLATE COURTS OF ILLINOIS.

Corn Exchange National Bank of Chicago v. Curtiss, 146 App. 489.

where it can be done without violence to the intent of the parties to be gathered within the language of the four corners of the writing. Not to make such a writing by construction nugatory, when the intent of the parties appearing from the whole instrument demonstrates, on the contrary, that it is an enforceable contract in accord with the intent clearly inferable from it. Contracts of guaranty must be construed as favorably to the creditor seeking their enforcement as other contracts in writing. Lurcher v. Deering, 204 Ill. 203. And it is a familiar rule of construction that a contract should be supported rather than defeated. Easton v. Mitchell, 21 Ill. App. 189. The rule is well stated in Taussig v. Reid, 145 Ill. 488, where the court say: "It cannot be said that the cases are entirely harmonious as to the principles which govern in the construction of this class of instruments. But the weight of authority seems to be in favor of construing them by rules at least as favorable to the creditor as those applied to other written contracts, notwithstanding the guarantor is, in a sense, to be regarded as a surety. In Mason v. Prichard, *supra*, it is held that the the words are to be taken as strongly against the party giving the guaranty as the sense of them will admit. The same general principle is held in Drummond v. Prestmond, 12 Wheat. 515; Douglass v. Reynolds, *supra;* Lawrence v. McCalmont, 2 How. 426; Bell v. Bruin, 1 Howard 69; Dobbins v. Bradley, 17 Wend. 422; Mayer v. Isaacs, 6 Mees. & Welsb. 605." Mason v. Prichard, 12 East. 227.

Taking the language of the guarantee agreement before us and construing it in the light of the circumstances surrounding and appearing from a reading of it, it is clear to us that it was intended to be a guaranty, the amount of which is without limit.

Defendant argues that the agreement of guaranty was evidently drawn upon a printed form prepared by the bank for general use, and therefore it must be presumed that the Bank intended the blank space to

be used for the limitation of the liability of a guarantor in accord with the general custom of the Bank. But such a construction would nullify the contract and defeat the evident intent of the parties evidenced by executing it. Such is not the trend of authority on this subject, as conclusively demonstrated by the authorities already cited. By construction the instrument must be read by disregarding the words "to the extent of ———— dollars" as surplusage. Many authorities justify this course. Dodge v. St. John, 96 N. Y. 260; Williams v. Samuels, 100 Cal. 514; Stewart v. Jeffray, 7 Atl. (Pa.) 792.

The guarantors had it within their power to terminate their liability at any time, for the agreement provided that it should remain in full force and effect "until the written notice of its discontinuance shall be received by the bank." No such notice was given. Neither is it contended that any notice seeking its termination was sent to the Bank at any time. We hold, as matter of law, that the guaranty agreement in suit was unlimited as to amount and terminable upon notice by the guarantors to the Bank of their desire to be relieved from further liability. That it is a contract enforceable at law.

The judgment of the Superior Court is reversed and the cause remanded, with directions to sustain the demurrer of plaintiff to the additional plea of defendant Williams, and for further proceedings conformable to the views expressed in this opinion.

*Reversed and remanded with directions.*