## Virginie Vincent, Appellant, v. Albert H. Laurent, Appellee.

1. FORCIBLE ENTRY AND DETAINER—*proviso in section 18 construed.* The proviso in section 18 of the forcible entry and detainer act requiring in case of appeal that the appeal shall be prayed and bond filed within five days from the rendition of the judgment, applies to judgments rendered on the original trial, whether in a court of record or before a justice of the peace, and has no application to the filing of the bond for an appeal to this court where the suit originated before a justice.

2. LANDLORD AND TENANT—*how lease construed.* A lease should be construed as a whole and such construction placed upon it if

possible as will render all its clauses harmonious and consistent; the chief object is to arrive at the intention of the parties.

3. LANDLORD AND TENANT—*particular lease construed.* *Held,* under the terms of the lease in question in this case that the parties contemplated a new lease at the expiration of the term of five years, and not an extension.

4. LANDLORD AND TENANT—*how option for new lease must be exercised.* Where the lessee has an option to renew a lease he should notify the lessor before the term expires whether he elects to renew, as the lessor should know when the term expires whether he has or has not a tenant and the mere act of holding over is not sufficient to show an affirmative election to renew the lease for an additional term.

Forcible detainer. Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

GILBERT & GILBERT, for appellant.

ANGUS LEEK and MICHAEL J. O'SHEA, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was a suit in forcible detainer begun by appellant against appellee to recover the possession of a building occupied by appellee. The suit was begun before a justice of the peace where there was a judgment in favor of appellee. From that judgment appellant appealed to the Circuit Court where on a trial *de novo* there was a judgment in favor of appellee from which appellant prayed an appeal to this court.

Appellee has filed a motion in this court to dismiss the appeal for the reason the appeal bond was not filed within five days from the rendition of the judgment in the Circuit Court, and the motion has been taken with the case. It appears from the transcript of the record that the judgment in the Circuit Court was rendered on November 12, 1910, and the appeal bond was filed twenty-seven days afterwards on December 9, 1910, the court having given appellant thirty

days from the date of the judgment in which to file her appeal bond.

Upon a consideration of sections 18, 19 and 20 of the act entitled "Forcible Entry and Detainer" we conclude that the proviso in section 18, requiring, in case of appeal, that the appeal shall be prayed and bond filed within five days from the rendition of the judgment, applies to judgments rendered on the original trial whether in a court of record or before a justice of the peace, and has no application to the filing of the bond for an appeal to this court where the suit originated before a justice, and we concur in the reasoning and conclusions reached in Davis v. Hamilton, 53 Ill. App. 94, and Ehlert v. Security and Safety Deposit Company, 72 Ill. App. 59. This cause originated before a justice of the peace where a judgment was rendered against appellant. She there prayed an appeal to the Circuit Court and filed her bond within five days in compliance with the proviso in section 18, *supra,* which brings the case within the rule laid down in the cases above cited. The motion to dismiss the appeal will be denied.

On the first day of June, 1905, appellant by a written lease of that date demised to appellee for a period of five years, or until June 1, 1910, the premises in controversy reserving as rent for the same seventy dollars payable monthly in advance. There was a covenant on the part of appellee "that at the expiration of the term of the lease he would yield up to the party of the first part without further notice." The lease had the further usual covenants against assigning it without the written assent of the lessor; a right of re-entry in case of default in any of its terms, and concluded with the following provision: "It is further covenanted and agreed between the parties aforesaid that the party of the first part agrees that the party of the second part shall have the refusal to release said premises for five years more at the same rate at the expiration of this lease."

On the 2nd day of June, 1910, appellant made a demand for the immediate possession of the premises on the ground as stated in the demand that the term had expired and that appellee had failed during the continuance of the lease to exercise his right of refusal to release the premises. Upon appellee's refusal to deliver the possession, this suit was instituted.

Appellant testified that up to the time the lease expired on or before June 1, 1910, appellee gave her no notice in any way that he wanted a renewal of the lease; that she had not asked him if he desired a new lease and had prepared no new lease and asked him to sign it; and that he had paid no rent after the 1st of May, 1910, when he paid for that month in advance.

The agent for appellant testified that in March, 1910, appellee had some painting done on the front of the building and asked the witness if he would allow something on the bill and witness answered he would, and allowed him ten dollars on behalf of appellant. This was substantially all the evidence. The court found the appellee not guilty of wrongfully withholding the possession of the premises and rendered a judgment against appellant for costs.

Error is assigned upon this action of the court and also upon its ruling on propositions of law asked by appellant.

By the propositions the court was requested to hold that the provision of the lease above quoted did not make the lease a present demise or leasing of the premises in question or give the lessee the privilege of an extension of the lease for a further period of five years after the expiration of the original term if the lessee so elected, but was a covenant for a renewal—an agreement to release at the expiration of the term at the same rate, at the option or election of the lessee; that to entitle the lessee to a renewal for a further term of five years he must exercise his option or election during the continuance of the orig-

inal term and it would be too late to do so after such term had expired; that he could not entitle himself to such renewal by merely remaining in possession without further agreement or consent of the lessor and that in the absence of such notice of a renewal by the tenant before or at the expiration of the original term of the lease was bound to surrender the premises at the expiration of said term without notice to quit, or demand for possession. These propositions were all refused by the court.

The construction to be placed upon the provision of the lease quoted giving appellee "the refusal to re-lease said premises for five years more at the expiration of this lease," will determine whether there was error in the refusal to hold such proposition as law.

The question has been exhaustively argued, appellant construing the provision as a covenant for renewal of the lease, and that the principles of law embodied in said propositions were applicable, while appellee contends the execution of a new lease was not necessary to give appellee the benefit of another term, nor was he required to give notice of his election during the term of the original lease; that by merely holding over after June 1, 1910, he sufficiently elected to exercise his option to hold over for the additional term of five years, and by the terms of the lease the active obligation rested upon appellant affirmatively to ascertain from appellee whether he desired to exercise his option to continue for the additional five years before she could terminate the tenancy.

The lease should be construed as a whole and such construction placed upon it if possible as will render all its clauses harmonious and consistent; the chief object is to arrive at the intention of the parties. 18 Am. & Eng. Ency. 617. By the language used, it seems quite clear the parties contemplated a new lease at the expiration of the term of five years and not an extension, or to state it another way, the parties contemplated a lease for five years and not for a term

of ten years at the option of the lessee. Appellee covenanted to deliver up the premises at the expiration of the term without further notice and the further provision was, that appellee should "have the refusal to release said premises for five years more at the same rate at the expiration of this lease."

Construing these provisions together it seems clear that the intention was to let the premises for five years and to give appellee the right to elect whether he would take another lease for a like term at the same rent. This he had the right to do. If he elected to have another term and placed himself in position to entitle him to it, appellant could not disturb his possession. Erchorn v. Peterson, 16 Ill. App. 601. Both parties were not bound by the provisions to release. Appellee had the right to elect to take an additional term of five years but was not bound to do so. He was only bound under the lease to take the premises and pay rent for five years. In such case it was not a present demise for a longer term than five years both parties not being bound, but a covenant to renew the lease at the end of the term for five years longer at the option of appellee. Hunter v. Silvers, 15 Ill. 174; Sutherland v. Goodnow et al., 108 *id.* 528.

No new lease was executed. Appellee gave no notice during the term that he would exercise his right to have a renewal of the lease, but remained in possession until June 2nd, the second day after the lease terminated, before appellant made demand for possession, and it is contended this was sufficient to constitute him a tenant for another term of five years under the lease.

In our opinion there was no waiver by appellant arising from appellee's merely remaining in possession until June 2nd. Appellant had received no rent and had done nothing amounting to the waiver of any right which she had. Nor do we believe the mere circumstance of appellant's agent paying ten dollars

towards the painting done by appellee above referred to amounted to any waiver or estoppel.

Construing the provisions of the lease as providing for a renewal the question arises whether appellee was bound to give notice to appellant of his election to exercise his right to have a renewal during the continuance of his term and was therefore holding without right, or whether by merely holding until June 2nd he sufficiently elected to exercise his option so as to entitle him to a renewal of the lease as contended by him.

Upon an examination of the cases cited by counsel we conclude the better doctrine to be where the lessee has an option to renew a lease, that he should notify the lessor before the term expires whether he elects to renew, as the lessor should know when the term expires whether he has or has not a tenant. Am. & Eng. Ency. Vol. 18, 692. In cases giving the lessee the privilege to extend the term as distinguished from a renewal, no notice of the lessee's election to extend is required in the absence of a stipulation therefor, merely remaining in possession being sufficient notice. (*Ibid.* 693.)

Where the option is to renew a lease we are of opinion the mere act of holding over is not sufficient to show an affirmative election to renew the lease for an additional term. Andrews, Admr., v. Marshall Creamery Co., 60 L. R. A. 399, and cases cited. "The covenant of renewal itself implies the creation of a new term and some exercise of the right of election to assume the obligations involved should appear. The tenant may if he sees fit by any appropriate act indicating his intention to do so and before the privilege has expired by the expiration of the term, bind himself to a new lease, the terms and conditions of which are expressed in the first lease." *Ibid.* We approve the principles announced in the above citations and they are amply supported by authority although there are

decisions to the contrary. There was no effort on the part of appellee to exercise his option and give notice before the expiration of the term as was the case in Cusack v. The Gunning System, 109 Ill. App. 588, and appellant having committed no act amounting to a waiver of her right to possession, we are of opinion her right was clear and undisputed, and the court erred in not holding the propositions of law asked by her and in not finding the appellee guilty of wrongfully withholding the premises from appellant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*