## BEESON *v.* LAVASQUE.

### Opinion delivered June 21, 1920.

1. LANDLORD AND TENANT—UNCERTAINTY OF TERM.—A contract for the lease of a newspaper plant during the period the lessor should be in the military service during the war with Germany or in any event for one year is not void for uncertainty, for in the course of nature the lessor's term of service would terminate.

2. GUARANTY—CONSIDERATION.—Where a guaranty was attached to a contract of lease at the time the lessor executed the lease, the guarantor was as much bound for the performance of the contract as the lessee.

3. GUARANTY—NOTICE OF ACCEPTANCE.—Where a guaranty was attached to a contract of lease and was part of it, and not a mere offer or proposal, the guarantor need not be notified of the acceptance of the lessor, who executed the instrument and delivered possession.

4. EVIDENCE—JUDICIAL NOTICE.—The courts take judicial notice of conditions existing in June, 1917, while the United States was engaged in the world war.

5. LANDLORD AND TENANT—TERM OF LEASE.—While a lease for years must be for a definite term, a contract for a lease during the period of the war with Germany is not for an indefinite period.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*Strait & Strait,* for appellants; *Compere & Compere,* of counsel.

The court erred in sustaining the demurrer. The contract was not void for uncertainty as to the period of its duration. The contract does not fall within that class of contracts which are held void for uncertainty of duration. The date of its beginning is fixed definitely and an event which must inevitably occur is specifically mentioned for its termination. 9 Cyc. 250; Coke, Litt. 45; 6 Coke 35; 21 Ill. App. 189; 6 R. C. L. 647; 78 Am. St. 914; 69 S. W. 552.

*Edward Gordon,* for appellees.

1. The demurrer was properly sustained, as the contract was void for uncertainty and too indefinite to be capable of enforcement. 1 Page on Contracts, § 28.

The guaranty was void for want of notice. 104 U. S. 686; 12 Peters 213, 504; 10 How. 475; 1 Story 22; 12 Peters 213; 34 Fed. 108.

2. A contract to be valid must be definite and certain as to duration and termination. 34 L. R. A. (N. S.) 1070; 135 S. W. 47; 49 N. Y. 499; 99 Mass. 229; 63 Mo. App. 648; 113 S. W. 229; 47 L. R. A. (N. S.) 949; 39 App. Cas. (D. C.) 343. The contract, as shown by these authorities, is absolutely void, because it is too indefinite and uncertain as to duration to be enforced.

*G. P. George*, of counsel for appellees.

HART, J. V. A. Beeson instituted this action in the circuit court against Arthur LaVasque and A. R. Bradley to recover damages for the alleged breach of a contract for the lease of a newspaper and printing establishment situated at Morrilton, Arkansas. The contract was in writing and was executed on the 30th day of June, 1917. The contract was signed by V. A. Beeson and C. L. Beeson, parties of the first part, and Arthur W. LaVasque, party of the second part. Attached to the contract and immediately following the signature of the parties was a guaranty that the party of the second part should faithfully perform the contract and discharge his obligations under it in the manner provided in the contract. This was signed by Adam R. Bradley.

According to the allegations of the complaint at the time the contract was executed V. A. Beeson was the principal owner, business manager, and editor of said plant and newspaper. At that time he had entered the military service of the United States for and during the war between the United States and Germany.

The contract further alleges that on or about July 1, 1918, the said party of the second part abandoned and closed up the newspaper plant and thereafter refused to further perform the contract on his part; that the publication and distribution of said newspaper was discontinued, and that the machinery and fixtures were al-

lowed to deteriorate greatly in value, and that the said
V. A. Beeson was not discharged from the military
service of the United States until the 19th day of August,
1919.

The defendants filed a demurrer to the complaint on
the ground that the contract was void for uncertainty in
the time of its performance, and that the contract of
guaranty signed by A. R. Bradley did not recite a con-
sideration nor state that V. A. Beeson was present when
the same was executed, or had accepted the same.

The court sustained the demurrer and dismissed the
complaint of the plaintiffs. The case is here on appeal.

The court below was of the opinion that the contract
was void because the time of its existence is too indefinite
to be capable of enforcement. The part of the contract
which involves this issue is as follows:

"That the said parties of the first part, for and in
consideration of the premises, stipulations, agreements
and payments hereinafter set forth, hereby lease, rent
and let to the said party of the second part, the said Mor-
rilton Headlight printing plant, together with all fixtures,
appurtenances and parts thereunto belonging, for the fol-
lowing period, towit: "Commencing from July 1, 1917,
and continuing during the time, not less than one year,
during which the said V. A. Beeson may be in the mili-
tary service of the United States; said lease contract
to terminate and end upon the discharge or release of
said V. A. Beeson from said military service; said lease
period, however, regardless of the date of his discharge,
to continue for not less than one year from July 1, 1917."

The general rule is that if the time of performance
of the contract is one which is bound to happen at some
time in the future, such contract is certain, even though
the time can not be fixed in advance. Page on Contracts,
vol. 1, sec. 28. Hence it has been decided that a con-
tract to marry after the death of the divorced wife of
one of the parties is reasonably definite and certain with
respect to the time of performance, since it is made to

depend upon an event which, in the course of nature, must inevitably occur, notwithstanding the fact that it is possible that one of the contracting parties may die before that event takes place. *Brown* v. *Odill* (Tenn.), 52 L. R. A. 660.

The contract sued on was executed on the 30th day of June, 1917, and by its terms was to continue not less than one year and during the time the said V. A. Beeson might be in the military service of the United States.

In the application of the principle above announced we do not think that it can be said that the period of time for the existence of the contract is too indefinite to be capable of enforcement. In the first place, it may be said that at the time the contract was executed Beeson was the principal owner and editor of the newspaper plant and that the reason for the execution of the lease was, that he had entered the military service of the United States for the period of time that the war with Germany should continue. Moreover, the contract in question recited that it was to continue during the time which V. A. Beeson might be in the military service of the United States. His military service was bound to terminate either by his discharge from the army or by his death. Therefore, it must in the course of nature occur, and we are of the opinion that the contract did not depend upon an indefinite event and was on that account incapable of enforcement.

Again, it is insisted that the contract can not be enforced against Bradley, because he was not notified of the acceptance of his guaranty by Beeson, and that there was no consideration for it. We can not agree with this contention. The guaranty was attached to and is a part of the original contract. According to the allegations of the complaint, Beeson turned over his newspaper plant to LaVasque in pursuance of the terms of the contract. This amounted to an acceptance of the guaranty on his part, and Bradley was as much bound for the performance of

the contract as LaVasque. They both signed it and undertook to carry out its obligations.

As above stated, the guaranty was attached to the original contract and was a part of it. Bradley was, therefore, equally bound with LaVasque to perform the obligations of the contract. In the case of *Falls City Construction Co.* v. *Boardman,* 111 Ark. 415, the court said: "Where the transaction is not merely an offer to guaranty the payment of debts and amounts to a direct promise of guaranty, all that is necessary to make the promise binding is that the promisee should act upon it; he need not notify the promisor of his acceptance."

It follows that the court erred in sustaining the demurrer to the complaint, and for that error the judgment will be reversed and the cause remanded for further proceedings according to law.

OPINION ON REHEARING.

Hart, J. It is well settled that a lease for years must be for a definite term. It is earnestly insisted by counsel for the defendant that the lease in question does not come within the rule just stated; but that the duration of the term is too uncertain for the lease to be enforceable. The lease in question was executed on the 30th day of June, 1917. The court will take judicial notice of conditions as they then existed. The United States had entered the world's war, and a draft law had been enacted. V. A. Beeson had entered the military service of the United States with the intention of remaining there until the war ended. It was recognized in the lease contract that Arthur LaVasque might also be drafted in the army of the United States. The lease contained a general covenant against subletting, and also contained a special provision that if LaVasque should be drafted in the army of the United States his obligations under the lease should terminate upon his securing a suitable lessee. Thus it will be seen that the parties themselves recognized that the war would come to an end in a few years, and that it was the intention of Beeson to lease out his

newspaper plant during the period of the war. It was the intention of the parties that the lease contract should terminate when the war was ended. It is true the contract provides that the lease is to be terminated upon the discharge or release of Beeson from said military service. But, as above stated, the existing conditions are to be taken into consideration in determining the meaning of these words. From the recitals above stated, it is evident that the parties intended for the lease contract to terminate at the end of the war and not for such uncertain and indefinite period of time as Beeson might choose to remain in the army. This is shown by the fact that provision is made for releasing LaVasque in the event he should be drafted in the army. Then, too, the necessity of everyone within the draft age making provision for the continuance of his business during the period of his service in the army is apparent. The contract, when considered as a whole and when considered with reference to the unusual circumstances existing at the time of its execution, shows that the parties intended for the lease contract to continue until the war with Germany was ended. When so construed, we think that the terms of the lease was sufficiently certain and definite to prevent the lease from being declared invalid.

In *Ely* v. *Randall* (Minn.), 70 N. W. 980, the court had under consideration a lease containing a clause as follows:

"To hold for the term of five years, with the privilege of holding it longer. A consideration for holding possession of said described premises is that said lessee, A. J. Randall, does covenant to keep a postoffice and a store of merchandise; and if, at any time, the said lessee shall cease to keep a postoffice and a store, then this obligation on the part of the first party shall become null and void. As long as the said A. J. Randall shall keep his part of the contract and keep the premises in good repair, he shall enjoy peaceful possession."

It was there contended that the lease was void for uncertainty. The court held that, when both clauses were considered together, the meaning was apparent and the uncertainty ceased.

It follows that the motion for rehearing will be denied.