FANNIE E. SAYLES, Landlord, *v.* ADOLPH LIENHARDT, Tenant.

Municipal Court of the City of New York, Borough of Richmond, Second District, June, 1922.

*Landlord and tenant — summary proceedings — construction of lease — undetermined term — right of tenant to hold possession — Real Property Law, § 232.*

SUMMARY proceedings.

*Frank H. Innes,* for landlord.

*John G. Clark,* for tenant.

WEDEMEYER, J. This is a holdover proceeding brought by the landlord to regain possession of certain premises on the ground that the tenant is holding over after the expiration of his lease.

The landlord claims that on or about the 1st day of February, 1921, an agreement in writing was entered into between the parties hereto, whereby she leased to the tenant the premises in question, consisting of a two-story building, for the term of one year, commencing on the 1st day of May, 1921, and expiring on the 1st day of May, 1922; and that the tenant now holds over and continues in possession of the premises without her permission after the expiration of such tenancy. The tenant admits he is in possession of the demised premises but denies that the term of his lease has expired, claiming that he is now in lawful possession of the premises under a lease which he contends expires on May 1, 1924.

The main question of fact presented to this court, which was sharply litigated upon the trial herein, is: Was the tenant's lease delivered to him, after execution thereof by the landlord, in the form in which it is at the present time? This question should be and is answered in the affirmative, for the proof offered upon the trial clearly indicates, by the weight of the evidence, that the lease

by which the rights and obligations of the parties thereto are to be determined was in the form as claimed by the tenant. The duration of the tenant's occupation is set forth in his lease as follows, to wit: ."for the term of (1) year. (2) years. (3) years " from the 1st day of May, 1921.

The question that would naturally arise is, what was the character of the tenancy created by the aforesaid letting? Can this be construed for a term of either one, two or three years? I think not. It is essential to create a lease for a year or years that the time be certain. It must have a certain beginning and a certain ending. There must always be a time absolutely fixed beyond which the estate cannot continue. The written lease, in the instant case, sets forth no definite time, or reference to some collateral fact or circumstance whereby the term could be ascertained with reasonable precision; nor is the court aided by oral testimony as to the intention of the parties respecting the tenant's term of occupancy. The record does not disclose that the parties to the lease, either prior or subsequent to the execution thereof, orally agreed upon a definite term during which the premises in question were to be occupied by the tenant. The lease in question in its present form was prepared and signed by the tenant in duplicate and then forwarded through the mail to the landlord for her signature, on or about February 1, 1921. It is evident from the testimony that two of the terms of one, two and three years inserted in each lease were to be stricken out by the landlord prior to the execution and return of the lease by her to the tenant herein, for the purpose of fixing the specific term for which the tenant was to continue in possession of the premises. Thus, the fixing of the duration of the tenant's term was left to the landlord. That this was the intention of the tenant is undisputed. It appears that in the year 1920 the tenant prepared and submitted to the landlord herein a similar lease wherein the term of occupancy was set " for (1), (2), (3), (4), (5) years," but the landlord in that instance struck out in the proposed lease the figures 2, 3, 4 and 5, thus granting a lease for one year.

However, in the lease returned to the tenant the landlord failed to strike out any of the terms of occupancy proposed in such lease, thereby failing to fix the particular term for which the tenant was to occupy the premises mentioned in the petition herein. In view of such omission it cannot be said that there was a meeting of the minds of the parties as to either term of one, two or three years, or, in other words, the duration of the tenant's occupancy was never determined upon. It is suggested by counsel for the tenant, by citation in his brief, that the lease under consideration was practically a lease for one year with the option of one or two

years more to be exercised by the tenant as to whether he would take the entire term or not. In this conclusion I do not concur. The language employed in the tenant's lease as to the duration of his tenancy cannot be construed as an option. The selection of the term is not left to the tenant's option or choice; and in the absence of such discretion in the tenant, his claim above referred to cannot be supported. In view of the foregoing, the contention of the landlord that the tenant had a one-year term cannot be sustained; nor can the claim of the tenant be justified that a three-year term had been created by the lease aforesaid.

Section 232 of the Real Property Law, as amended on April 1, 1920, provides as follows:

" Duration of certain agreements in New York. An agreement for the occupation of real estate in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of October next after the possession commences under the agreement."

This statutory provision was in full force and effect at the time of the execution of the lease and the commencement of the tenant's possession under the term as expressed in the lease under consideration. It is well settled that section 232 of the Real Property Law applies where there is an agreement for hiring in which the term of the lease remains undetermined. This section covers the case at bar where the agreement entered into does not " particularly specify the duration of the occupation." The foregoing excerpt from the statute is clearly and peculiarly applicable to the instant case. It is quite evident that the legislative purpose in the enactment of this section was to provide a term of occupation in the city of New York if the lease agreement did " not particularly specify the duration of the occupation " of the tenant. The legislature by the enactment of this section intended to eliminate doubt and set at rest the character of the tenancy.

Thus, it being obvious that the premises in question were occupied by the tenant without a fixed period of letting having been agreed upon, the period terminated October 1, 1921, which was after the possession commenced under the lease aforesaid. *Souhami* v. *Brownstone*, 189 App. Div. 1, 3. This tenancy will be presumed to continue. The relation thus established is now in force and will continue until such time as the relationship is changed by a new agreement. No claim is made nor is there any proof that the relationship of the parties to this lease was ever changed from that as expressed in the written lease agreement. After October 1, 1921, the tenant continued in possession of the premises and made payments, which were accepted by the landlord, of the rent reserved in the lease aforesaid.

Thus, the tenant in the case at bar, by remaining in possession of the premises and the landlord's assenting thereto, after the expiration of his term fixed by statute, which was in this case October 1, 1921, without having entered into a new agreement, became a holdover tenant upon the former terms and conditions until October 1, 1922. The term was thus fixed by law and not by the agreement of the parties.

Under the foregoing circumstances, it follows that the tenant is not now holding over in possession of the premises, but on the contrary is entitled to a final order awarding to him possession of the premises until October 1, 1922, and the dismissal of the petition herein.

Ordered accordingly. _____