Alfred E. Stanmeyer et al., Appellees, v. S. L. Davis, Trading as Davis Motors, Appellant.

Gen. No. 42,756.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed January 24, 1944.

ROTHBART & ROSENFIELD, of Chicago, for appellant; J. M. ROSENFIELD, of Chicago, of counsel.

⁕ Bobb, Spoerri, Bourland & Harris, of Chicago, for appellees; Dwight S. Bobb and Herman C. Nagel, both of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

Plaintiffs are the trustees of a liquidation trust for the benefit of bondholders. January 4, 1943, they sued in forcible entry and detainer to recover possession of premises in the city of Chicago. Defendants appeared, answered and demanded trial by jury. Plaintiffs moved for summary judgment. The motion was supported by the affidavit of plaintiff Stanmeyer, executed in conformity with Rule 15 of the Supreme Court. The affidavit showed defendants went into possession under a written lease to the Hupmobile-Illinois Company, dated December 31, 1937, by which the premises were demised to the lessee for a period of five years, commencing January 1, 1938; that Hupmobile took possession under the lease and was succeeded in possession by Willys-Illinois Company, of which Davis was president, and Willys in turn by S. L. Davis, doing business as Davis Motors; that by the terms of the lease rent for the first year of the term was to be $900 per month, second year $950 per month, third year $975 per month, and thereafter $1,000 per month until the end of the term; that the full amount of the rent was not at any time paid because of business conditions; that negotiations for another written lease for a new term at a lower rental were not successful; that on November 25, 1942, plaintiffs served notice on Davis, as president of the corporations and doing business as Davis Motors, terminating the lease on December 31, 1942, and that he refused to give possession pursuant thereto.

Defendants, in opposition to the motion for summary judgment, filed affidavits by Davis, which in substance averred that on March 17, 1942, and in May 1942,

plaintiffs made an oral lease of the premises to Davis for $500 per month, "for the duration of the war and until automobiles are again produced" and "until defendant receives twenty-five automobiles in any one month." Defendants also moved for leave to file an equitable counterclaim in which the same oral lease was alleged to have been made at the same times, for the same rental, and specific performance of it asked. The trial judge was of the opinion that this oral lease was no more than a tenancy at will, or from month to month, the terms being so uncertain as to make it unenforceable. Leave to file the counterclaim was therefore denied and summary judgment in favor of plaintiffs entered. From both these orders defendants appeal.

The question to be determined is whether a verbal leasing of the premises "for the duration of the war and until automobiles are again produced" and "until defendant receives twenty-five automobiles in any one month" creates a leasehold estate for a term of years, or whether it is void for uncertainty of the term and, therefore, gives only an estate at will. The affidavits for defendant are to the effect that the parties by verbal conversations agreed to such a leasing at a rental of $500 per month. The original affidavits for defendant in opposition to the motion for summary judgment were largely in the nature of conclusions, but later amended affidavits purported to state the conversations of the parties at the times of the alleged oral leasing. Facts in these last named affidavits are not denied. Plaintiffs do not raise any issue of fact but rely on the rule of law that a lease for years must have a definite and certain time at which it begins and ends, and that where the end of the term is indefinite and uncertain the agreement creates not a valid and legal lease for a term of years but merely a tenancy at will.

It has long been the law that a lease for a term of years must have a certain beginning and a certain ending. It was so held in *Say v. Smith*, 1 Plow. Rep. 269,

decided A. D. 1530 in the sixth year of the reign of Elizabeth. Blackstone says:

"For every such estate must have a certain beginning and a certain end. But id certum est, quod certum reddi potest (that is certain which can be made certain)."

Cooley's Blackstone, 4th Ed., p. 546. Coke Lit. 45 B says:

"Albeit, there appear no certainty of years in the case, yet if by reference to a certainty it may be made certain, it is sufficient."

See also Bacon's Abridgement, Vol. 4, p. 836. This is the rule in this State (*Easton v. Mitchell*, 21 Ill. App. 189; *Bedell v. Clark*, 151 Ill. App. 419; *DePauw University v. United Elec. Coal Co.*, 299 Ill. App. 339). It is believed to be the prevailing general rule. 35 C. J. § 342, p. 1123. Tiffany on Real Property, 3rd Ed., Vol. 1, § 85, p. 130, states the rule as to certainty thus.

" . . . The lease need not, however, actually name the period during which the tenancy is to endure, but it may fix such period by reference to some collateral fact or event, if the reference is such as to enable the duration of the term to be ascertained at any time. So a lease for as many years as a person named has in other property, or 'during the minority of B,' a living person whose age is ascertainable, or until certain fixed yearly payments amount to a sum named, operates to create an estate for years . . . ."

Some cases following this general rule are *Idalia Realty & Development Co. v. Norman*, 232 Mo. 663, 135 S. W. 47, where a lease until a certain mill was removed; *Corby v. McSpadden*, 63 Mo. App. 648, where a lease until the party of the first part is prepared to improve the land with new buildings; *Ashley v. Warner*, 11 Gray (Mass.) 43, where the term was for so long as the tenant kept a "good school"; *Cheever*

*v. Pearson,* 16 Pick. (Mass.) 266, where the term was until a building should be removed by the proprietors; *Murray v. Cherrington,* 99 Mass. 229, where the term was for such time as was agreeable to both parties; *Lea v. Hernandez,* 10 Tex. 137, where the term was until the premises were sold, was in each case held to be for terms so uncertain as to create only a tenancy at will. With these cases, Illinois authorities, as we have seen, seem to agree.

On the contrary, cases seem to hold that a lease for a term to expire upon an event reasonably sure to happen, even though the date of the happening of the event to be is neither certain nor can be made certain until the event actually happens, is a lease for a definite and fixed period. This is not the law. It is not the certainty of the happening of the event but the certainty of the date on which the termination of the lease will take place that is the determinative factor.

Defendant relies much on *Great Northern Ry. Co. v. Arnold,* Times Law Reports, Vol. 33, p. 114, and cases that follow that decision. The lease there was ''for the period of the war.'' The rent was payable weekly. The lessor sued for possession. The trial judge said that *Say v. Smith* and Bacon's Abridgement tended to support the plaintiff's contention and that the contention ''might be right.'' The court, however, said: ''By hook or crook, the defendant should have what he bargained for.'' Cases following this decision are *Broadway v. Gibson,* L. J. N. C. C. R. 157 (apparently with much hesitation): Lee Halsbury's Laws of England, Vol. 20, 2nd, p. 149; also *Swift v. MacBean,* 1 King's Bench 375; All-England Law Reports, 1942, p. 126. Other cases relied upon by defendant are *Beeson v. La Vasque,* 144 Ark. 522, 223 S. W. 355; *Busch-Everett Co. v. Vivian Oil Co.,* 128 La. 886, 55 So. 564; *Horner v. Leeds,* 25 N. J. L. 106; *Wilcox v. Bostick,* 57 S. C. 151, 35 S. W. 496. It would unduly extend this opinion to review in detail all the cases cited from different jurisdictions.

We find nothing in the terms of this alleged oral lease from which any certain time can be inferred when it will terminate. If the phrase "for the duration of the war" be regarded as within the rule that that is certain which may be rendered certain, there would remain the uncertainty as to when automobiles would again be in production, and the further uncertainty as to when defendant should receive 25 automobiles in any month. This last provision is objectionable not only on account of uncertainty but also for the reason that the time of happening of the uncertain event might easily depend solely upon the will of the tenant. There is nothing in the record which shows defendant will be required to receive 25 automobiles at any particular time or in any particular month of any future year. If we could regard the end of the war as a certainty, this alleged agreement would still leave us in doubt for the reason that it does not refer to any particular war of the several in which we are engaged. When the alleged agreement was made war existed between Japan and the United States, Germany and the United States and Italy and the United States. There is nothing in the language of the alleged oral lease from which there can be a reasonable certainty of the date upon which it was the intention of the parties the oral lease should come to an end. Under the former lease, when automobiles were in production, the rent was to be as high as $1,000 per month. Under the new verbal arrangement it is to be only $500 per month. It would seem that in any valid leasing the lessor would be informed when such a lease, made under such circumstances at such a rental, would end. The affidavits of defendant do not disclose any fact from which the duration of the term can be ascertained prior to its end. In the absence of any statute modifying the rule, we think the trial judge correctly held that the alleged verbal lease created no more than a tenancy at will.

Defendant, however, contends that the provisions of the oral lease as to the production and delivery of auto-

mobiles are severable and that these may be disregarded and the term granted considered as only "for the duration of the war." He cites *People v. Economy Light & Power Co.*, 241 Ill. 290, and *Pelc v. Kulentis,* 257 Ill. App. 213. The authorities do not sustain this contention. 12 Am. Jur. 871, § 316; *Vincent v. Laurent,* 165 Ill. App. 397; *Sayles v. Lienhardt,* 119 Misc. 851, 198 N. Y. S. 337.; *Pelc v. Kulentis,* 257 Ill. App. 213 at p. 219. There is only one lease of one parcel of property for a single consideration, the payment of rent.

The question of whether any contract is entire or severable must depend on the intention of the parties to be ascertained from the language of the contract and the subject matter of it. *White Brass Castings Co. v. Union Metal Mfg. Co.*, 135 Ill. App. 32; 17 C. J. S., p. 785, § 331, p. 788, § 332, p. 790, §§ 334, 335. If it appears the contract is to be performed as a whole, it is an entire contract. 12 Am. Jur. 871, § 316; *Vincent v. Laurent,* 165 Ill. App. 397. Plaintiff's brief cites many cases where the parties had made an oral lease held to be void under the statute of frauds and to create only a tenancy from month to month. *Donohue v. Chicago Bank Note Co.*, 37 Ill. App. 552; *Bergamo v. Tarello,* 183 Ill. App. 314; *Sayles v. Lienhardt,* 119 Misc. 851, 198 N. Y. S. 337. In *People v. Economy Light & Power Co.*, 241 Ill. 290, 291, on which defendant relies, the lessor did not have power to make any lease for a longer period than 20 years. The lease was, however, made for 20 years with an express option for a renewal for 20 years more. The first term was held valid, the second invalid. The case of *Pelc v. Kulentis* involved like facts. There is nothing of that kind here. The term of the lease, whatever it may be, is indivisible and the consideration also. There are no separate covenants. The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.