## SMITH'S TRANSFER & STORAGE CO., Inc. v. HAWKINS.

### No. 445.

Municipal Court of Appeals for the District of Columbia.

Dec. 16, 1946.

Ray L. Jenkins, of Washington, D. C., for appellant.

C. L. Dawson, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment in favor of plaintiff for two months' rent on commercial premises rented by defendant. The lease was to commence April 1, 1945,

---

and contained the following clause: "Subject to the covenants herein specified this lease shall continue for one year certain, and if at the end of that period the present war of the United States with Germany and Japan has not been terminated, the lease shall continue at the rental herein agreed until the end of the war with Germany and Japan as determined by. proclamation of the President of the United States, or by joint resolution of Congress of the United States."

The case was tried without a jury on a stipulation of facts. In addition to the terms of the lease, the parties stipulated that defendant entered the premises under this lease; that on March 18, 1946, defendant wrote plaintiff advising him "that we wish to vacate this property as of April 1, 1946"; defendant did not vacate the premises until April 15; rent was paid through April. Plaintiff sued for rent for the months of May and June, 1946, on the theory that the lease continued in effect for those months.

Defendant contends that the lease created an estate for years for the term of one year only, ending April 1, 1946, that the clause extending the term to the end of the war was ineffectual to create an estate for years for that period, and that his holding over after April 1, 1946, and paying rent for the month of April created a tenancy by sufferance, which was terminated at the end of April by his notice to quit dated March 18. Code 1940, 45—904.

██ The Code defines an estate for years as "An estate for a determined period of time." Code 1940, 45—818. However, "It is settled that an ordinary lease of tenancy for years must be certain in respect to commencement, duration, and termination, or be capable of being made certain by reference to some collateral event or thing which in itself is certain." [1] Is, then, "the end of the war with Germany and Japan as determined by proclamation of the President of the United States, or by joint resolution of Congress of the United States" a collateral event which is certain to happen? If it is, the lease created an estate for years, not merely for one year as contended, but for the entire period specified. Such a tenancy, with exceptions not here pertinent, may be terminated only by agreement of the parties or by abandonment and acceptance.

██ We think it obvious that the end of the war as determined in the manner specified is certain to happen.[2] That an uncertain time may elapse before it occurs does not lessen the certainty of its occurrence. We take judicial notice that congressional enactments have contained provisions similar to that involved here relating the termination of the acts to the end of the war.[3] Further, the collateral event is not in any way within the control of either party to the lease.[4]

Thus, it follows that the lease did not terminate on April 1, 1946, but continued in full effect after defendant vacated on April 15. Since no tenancy by sufferance arose on April 1, defendant's letter of March 18 had no effect other than expressing its intention to breach its contract. It has not been urged here that there was any acceptance of an abandonment prior to July 1. Therefore, the plaintiff was entitled to recover rent for the months of May and June.

Morse v. Brainerd, 42 App.D.C. 448, relied on by defendant, is not in point. There the parties sought to establish a common law estate from year to year, which by the Code is good for one year only, after which it becomes an estate by sufferance. Code 1940, 45—819, 45—820. Here the lease created a valid estate for years.

[1] Francis v. Superior Oil Co., 10 Cir., 102 F.2d 732, 734.. See also Beeson v. La Vasque, 144 Ark. 522, 223 S.W. 355; Idalia Realty & Development Co. v. Norman, 232 Mo. 663, 135 S.W. 47, 34 L.R.A.,N.S., 1069, and authorities there cited; F. H. Stoltze Land Co. v. Westberg, 63 Mont. 38, 206 P. 407.

[2] Beeson v. La Vasque, supra; see Joseph v. Catron, 13 N.M. 202, 81 P. 439, 1 L.R.A.,N.S., 1120. But see Stanmeyer v. Davis, 321 Ill.App. 227, 53 N.E.2d 22.

[3] See Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U.S. 146, 40 S.Ct. 106, 64 L.Ed. 194.

[4] See Stanmeyer v. Davis, supra; Melhop v. Meinhart, 70 Iowa 685, 28 N.W. 545.

It was to defendant's advantage to obtain additional storage space for the period of the emergency. This it contracted to take. It can not complain if it received what it bargained for.

Affirmed.