## Alice M. Smith et al., Appellants, v. R. V. Bradley et al., Appellees.

### Gen. No. 10,299.

Opinion filed January 4, 1949. Released for publication January 24, 1949.

CHESTER CRABTREE and FELLHEIMER & VICARS, both of Pontiac, for appellants.

CHESTER THOMSON and HOMER ENGLISH, both of Bloomington, and NIVEN & CLAY, of Pontiac, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Alice M. Smith and others commenced a suit before a justice of the peace in Livingston county, in an action of forcible entry and detainer, to recover possession of certain property alleged to be unlawfully held by R. V.

Bradley and others. The plaintiff was successful in the justice court, but the defendant took an appeal to the circuit court, where the case was tried, and the court found that the defendants were not unlawfully holding possession of the premises, and rendered judgment in their favor. The plaintiffs have perfected an appeal to this court.

The record discloses that on October 27, 1944, the appellants and appellees entered into a lease executed under seal for the property involved in this suit, the lease to expire on November 30, 1947. Pursuant to the terms of the lease, the appellee, R. V. Bradley, went into possession of the property, and some time thereafter, let a portion of the premises to the appellee, Louis O. Miller. On Nov. 5, 1945, while R. V. Bradley was in the possession of the premises, for, and in consideration of one dollar, he and Alice Smith, one of the appellants, executed an instrument extending to appellee, R. V. Bradley, an option, a part of which is as follows: "Extension of Lease (To be attached to original lease dated October 27, 1944.) In consideration of $1.00 for good will, Party of the First Part agrees to extend to Party of the Second Part an option on lease for a period of five years beginning December 1, 1947 to November 30, 1952 at the same rent per month as in the original lease; That is, $5100.00 to be divided into payments of $85.00 per month, payable on the first day of each month. The Party of First Part grants to Party of Second Part the right to sublet the buildings, but not for a saloon. Dated this 5th day of November, 1945.

(Signed) Alice M. Smith
Party of the First Part
(Signed) R. V. Bradley
Party of the Second Part."

On December 1, 1947, the appellants caused to be served upon the appellee, R. V. Bradley, a notice notifying him that the lease had been terminated, and de-

manded possession of the property. On the same day, appellee, R. V. Bradley, by letter dated Dec. 1, 1947, and directed to the appellant, Alice M. Smith, notified her that he had elected to exercise his option for the extension of the lease and sent a check for one month's rent. This check was never cashed by the appellants. On Dec. 15, 1947, this suit was started before the justice of the peace for the possession of the property.

It is contended by the appellants that the contract in question was an option to renew the original lease, and not an option to extend the lease. The only question involved in the suit is a construction of this paragraph of the contract. It is conceded by the appellants that if this contract is for the extension of the lease, and not for the renewal thereof, that the holding over by the appellee, would be notice to the appellants that they had elected to exercise their option. It is also contended and not disputed that if this contract is an option for renewal of the original lease, then a notice before the expiration date of the lease must be served on the lessor before the lease expires, in order for him to take advantage of the option. This question of law is not disputed by the appellee, but he contends that a proper construction of the contract in question, clearly shows that it is for an extension, and not for a renewal of the original lease. The appellant contends that the case of *Vincent v. Laurent,* 165 Ill. App. 397 is decisive of the matter in the construction of this contract. An examination of the contract in the *Vincent* case discloses that the language is entirely different from the one in question, since there was one contract at the close of which we find the following: "It is further covenanted and agreed between the parties aforesaid that the party of the first part agrees that the party of the second part shall have the refusal to release said premises for five years more at the same rate at the expiration of this lease." The court there, we think, very properly held that this was not an ex-

tension agreement, but a covenant to renew the old lease.

It will be observed in the present case that after the original lease was executed, there was a supplemental contract for a valuable consideration, which the parties designated an extension agreement, to be attached to the original lease. This contract was signed by both of the parties, and is equally binding on each of them. While the relation between the parties is to be determined from the terms of the contract rather than the name that they have given that relation, some weight must be given to their designation thereof. *Gray v. Yarbrough,* 61 Cal. App. 724, 215 Pac. 914. Another thing, we think should be taken into consideration is, that the contract in question was a supplemental contract to the original lease, and was to be attached thereto, and while the same rental was provided for, it was for a five-year term instead of a three-year term, as was provided in the original lease.

In our opinion, the trial court properly held that the defendant, Bradley, was entitled to the possession of the premises in question, and that the judgment of the trial court should be, and is affirmed.

*Judgment affirmed.*