**NATIONAL BELLAS HESS, Inc. v. KALIS.**

No. 14388.

United States Court of Appeals Eighth Circuit.

Oct. 9, 1951.

John W. Oliver, Kansas City, Mo. (Stanley Garrity and Scott R. Timmons, Kansas City, Mo., were with him on the brief), for appellant.

Isadore Rich, Kansas City, Mo. (Myer M. Rich and Rich & Rich, Kansas City, Mo., were with him on the brief), for appellee.

Before SANBORN, THOMAS, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This appeal challenges a judgment of the District Court based upon its conclusion that a lease of real estate in Kansas City, Missouri, "for a term commencing October 1, 1943, and ending sixty (60) days after the signing of the treaty of peace upon the close of the war with Germany and/or with Japan, whichever treaty of peace is the latest * * *," did not, under Missouri law, create a valid tenancy for years, and that the tenancy after October 1, 1944, the date to which rent was payable and had been paid in advance, was a tenancy at will.

The action was brought on July 11, 1950, by the owner of the premises (appellee) for a declaratory judgment that the lease was invalid. The tenant (appellant) asserted in its answer that the lease was valid and created a tenancy for years. Jurisdiction was based upon diversity of citizenship, amount involved, and the existence of a justiciable controversy.

The District Court determined that since October 1, 1944, the duration of the term of the lease has been uncertain as a matter of law, and that, for that reason, the lease has been invalid, null and void since that date. Judgment was entered accordingly and the tenant was declared to be occupying the leased premises as a tenant at will. This appeal followed.

Obviously, the lease in suit by its terms was from the beginning, and is now, of uncertain duration; but the tenant contends that the event which marks the termination of the lease is one which is sometime certain to occur and that the fact that no one can foretell when it will occur does not invalidate the lease, since the ultimate happening of the event will make certain that which was previously uncertain.

The District Court concluded that "The signing of the Treaties of Peace provided for in the lease in issue is not such an event as, under the law, is certain to occur." We shall assume, however, for the purposes of this opinion, that it is a certainty that treaties of peace with both Japan and Germany will ultimately be signed.

It is conceded that no case involving the validity of a lease such as that in suit has been decided by a Missouri court. No statute of that State is involved. Apparently, the Supreme Court of Missouri has followed the old common law rule that, in order to create a valid tenancy for years, the duration of the term must be specified with certainty in the lease or at least be ascertainable from its provisions, and that an event certain to occur but uncertain as to the time of its occurrence, such as death, may not be used to mark the termination of the term.

The leading case in Missouri on the subject is Idalia Realty & Development Co. v. Norman, 232 Mo. 663, 135 S.W. 47, 48, 34 L.R.A.,N.S., 1069. It involved a lease of lands which provided that it was to run "until mill is removed." The Supreme Court of Missouri ruled, in substance, that the lease did not create a tenancy for years, because it violated the common law rule requiring that a definite term be fixed. As

we read the decision, it is authority for the rule that a lease providing for an uncertain period of duration is not a lease for years.

This view is borne out by State ex rel. Rumbold v. Gordon, 238 Mo. 168, 142 S.W. 315, 316, 317, Ann.Cas.1913A, 312, in which the Supreme Court of Missouri, in considering the meaning of the word "term", said: " * * * The word 'term' is of common use in conveyancing. A lease for years is a term, and, before an estate for years can be a term, it must have a certain beginning and a certain ending, its duration must 'be measured by fixed periods, as by years, months, weeks,' etc. 2 Preston on Conveyancing, p. 158. Again (Id. 159 et seq.): 'When it is said * * * in the language of Lord Coke, "regularly in every lease for years, the term must have a certain beginning and a certain end," this is to be understood in its legal and technical sense. The only circumstance required in limitations for terms is that a precise time shall be fixed for the continuance of the terms; so that, when the commencement of the term is ascertained, the period of determination, by effluxion of time, may be known with certainty.' Idalia Co. v. Norman, 232 Mo. loc. cit. 671 et seq., 135 S.W. 49, 34 L.R.A.,N.S., 1069. So, agreeably to the same end, it is good doctrine that the maxim, that is certain which can be made certain ('Id certum est,' etc.), is applied in resolving any doubt on whether a 'term' is granted. Thus, if the beginning is certain, and if the end can be made certain by reference to some mentioned certainty, a term is granted. By the same token a lease without a 'term' creates a tenancy at will, unless by reservation of annual rent it may be construed on equitable principles as a lease from year to year. See Idalia Case, supra."

The appellate Court of Illinois, First District, in Stanmeyer v. Davis, 321 Ill. App. 227, 53 N.E.2d 22, 24, which involved a lease bearing some analogy to the lease in the instant case, after citing the Idalia case and other cases, stated: " * * * It is not the certainty of the happening of the event [which is to end the term] but

the certainty of the date on which the termination of the lease will take place that is the determinative factor."

American Jurisprudence, under Landlord and Tenant, Volume 32, § 62, page 77, cites the Idalia case in support of the statement that, "It is a cardinal principle in the creation of terms for years that the term must be certain, that is, there must be certainty as to the commencement and duration."

It is, to say the least, a permissible conclusion that, under the law of Missouri, a lease which is to end upon the happening of an event certain to occur but uncertain as to the time when it will occur, does not create a valid tenancy for years.

■ This Court has repeatedly ruled that it will accept the considered views of a District Judge as to doubtful questions of local law. Many of the cases in this Court and the Supreme Court which support that rule will be found in the case of Buder v. Becker, 8 Cir., 185 F.2d 311, 315–316. In Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43, we said: "The burden of demonstrating error is upon the Casualty Company. In a case controlled by local law, that burden is a peculiarly heavy one. This Court is not an appellate court of the State of Missouri and establishes no rules of law for that State. We have repeatedly said that, in reviewing doubtful questions of local law, we would not adopt views contrary to those of the trial judge unless convinced of error, and that all that this Court reasonably can be expected to do in such cases is to see that the determination of the trial court is not induced by a clear misconception or misapplication of the local law. Russell v. Turner, 8 Cir., 148 F.2d 562, 564; Buder v. Becker, 8 Cir., 185 F.2d 311, 315, and cases cited. If a federal district judge has reached a permissible conclusion upon a question of local law, we will not reverse, even though we may think the law should be otherwise."

■ The District Judge who tried this case gave painstaking consideration to the controlling issue of Missouri law. He reached not only a permissible conclusion, but, we think, the correct one.

The judgment is affirmed.